GEORGE W. A. SMITH AND WILLIAM F. FIELD v. SOPHIA J.
                        WILLIAMS.

                *Estoppel by covenant—Omission to record deed.*

Where a grantor assumes by his deed to convey a title, and by any form
    of assurance, whether it be by covenant of seizin and title or by that
    of quiet enjoyment, obligates himself to protect the grantee in the
    enjoyment of that which the deed purports to give him, he is estopped
    from afterwards acquiring or asserting a title and leaving the grantee
    to sue upon the covenants for redress.

An unrecorded deed is made void by Comp. L. § 4231, as against a sub-
    sequent purchaser from the same grantor.

A tax purchaser took a decree by default quieting his title as against the
    claims of a certain person who had in fact previously conveyed the

land.  His grantee, however, had not recorded the deed, and was not made a party.  *Held,* that the neglect to record the deed did not make the decree binding upon the grantee, who was a stranger to the proceeding.

The conditions under which the neglect to record a deed avoids it are statutory and cannot be extended by judicial construction.

An unrecorded conveyance is valid as against a subsequent purchaser until the latter shows that he has paid the purchase price; the mere institution of suit by him to quiet his title does not make him a *bona fide* purchaser.

Case made from Mecosta.  Submitted June 10.  Decided October 18.

EJECTMENT.  Plaintiff had judgment below.  Affirmed.

*Ellsworth & Sapp* for plaintiff.  Judgments and decrees are not binding as against persons who should have been made parties but had no notice of the proceedings: *Gale v. Clark* 4 Bibb 415; *Madden v. Fielding* 19 La. Ann. 505; and the record in such a case is inadmissible in evidence to affect the rights of such a person in another proceeding relating to the same subject matter: *Payne v. Hook* 7 Wal. 431; *Matter of Empire City Bank* 18 N. Y. 215; and he may prove the judgment void: Freeman on Judgments, § 337; *Vose v. Morton* 4 Cush. 27; *Leonard v. Bryant* 11 Met. 370; *Downs v. Fuller* 2 Met. 135; a grantee cannot be bound by a judgment rendered against his grantor after the grant: Freeman on Judgments, § 162; *Winslow v. Grindal* 2 Greenl. 64.

*Wm. D. Fuller* for defendants.

COOLEY, J.  The defendant in error brought ejectment against Smith and Field to recover certain land in Mecosta county.  To show title in herself she put in evidence the following conveyances: 1.  A patent of the land from the United States to Byron F. Squires, bearing date August 10, 1859.  2.  A deed from Byron F. Squires to John Squires, dated December 13, 1856.  This was an ordinary deed of bargain and sale, with a covenant "that the premises thus

conveyed in the quiet and peaceable possession of the said party of the second part, his heirs and assigns, he will forever warrant and defend against any person whomsoever lawfully claiming the same or any part thereof." 3. A like deed from John Squires to the plaintiff, dated December 13, 1856, containing a like covenant. The patent was not recorded; the deeds were recorded in December, 1877.

I. The deeds from the patentee and from John Squires were objected to as irrelevant and ineffective, for the reason that at their date the title to the lands had not passed out of the United States, and therefore they conveyed nothing. It is not disputed that a deed with covenants of seizin and title would be effectual to give the grantee the benefit of an after-acquired title under the doctrine of estoppel, but these covenants were absent from the deeds in question, and the covenant of quiet enjoyment, it is said, will not have the like effect. No reason is given for any such distinction, and it is not recognized by the authorities. Where one assumes by his deed to convey a title, and by any form of assurance obligates himself to protect the grantee in the enjoyment of that which the deed purports to give him, he will not be suffered afterwards to acquire or assert a title, and turn his grantee over to a suit upon his covenants for redress. The short and effectual method of redress is to deny him the liberty of setting up his after-acquired title as against his previous conveyance. This is merely refusing him the countenance and assistance of the courts in breaking the assurance which his covenants have given. *Long Island, etc., R. R. Co. v. Conklin* 29 N. Y. 572; *Doe v. Dowdall* 3 Houst. 369.

II. The defendants below, to show title in themselves, offered in evidence the enrolled record and proceedings in a cause commenced in the Mecosta circuit court in chancery, instituted by Sextus N. Wilcox as complainant against Byron F. Squires as defendant, by bill filed February 23, 1870, in which Wilcox claimed title to the land under certain alleged conveyances on sales thereof for delinquent taxes, and prayed the court of chancery to quiet his title as against the claims of Squires. It appeared from the enrollment that Squires

was proceeded against as a non-resident; that he was brought in by publication, and did not enter an appearance or file any pleading, and that a decree that the title of Wilcox to the premises be quieted as against any claim of Squires was entered May 28, 1870. The plaintiff objected to the introduction of this evidence as irrelevant, and the court excluded it.

It will be observed that Byron F. Squires alone was made defendant in the chancery suit, and that he had at the time no title to the land. The decree was that he be thereafter precluded from asserting title, and we are not informed that he does so. Obviously the claim of title which the complainant made was to Squires a matter of indifference, since it could not in any manner affect his interests. The tax titles had accrued after he conveyed, and enforcing them neither took from him anything, nor made him liable upon his covenant. Therefore if knowledge of the suit had come to him, he would probably have given it no attention, because the result of it could not concern him. The decree as to him might as well have been left unmade.

It is said, however, that this suit against a party who had no interest to be affected by it, and no occasion to defend it, has been effectual to cut off the right of the party actually concerned, and who probably never heard of it until the decree was presented which was to be conclusive against him. The only reason given for this position is that the plaintiff, by not recording her deed, and suffering Byron F. Squires to appear of record as apparent owner, "has allowed him to appear to the world as the owner of the land now sought to be recovered by her," so that "Squires' day in court was her day, and she must accept the consequences of her own acts." It is, then, upon her failure to place the evidence of her title upon record that this effect of the decree upon her rights is to depend.

The general rule that a judgment or decree binds those only who are parties to it is not disputed. There are a few well-understood exceptions, of persons who, subsequent to the institution of the suit have acquired interests or claims under

the parties; but the plaintiff was not one of these, for her title had accrued before. If she loses her title, then it must be by force of the recording laws; for independent of these there is no principle of law that could bind her by the judgment against one whose interest she had acquired long before the suit was instituted.

But the recording laws could not help the defendants. Those laws point out specifically the danger to which the party failing to record his title is exposed, and the courts cannot extend or add to it. *Columbia Bank v. Jacobs* 10 Mich. 349; *Millar v. Babcock* 29 Mich. 528. The danger is indicated by § 4231 of the Compiled Laws: "Every conveyance of real estate within this State, hereafter made, which shall not be recorded as provided in this chapter, shall be void as against any subsequent purchaser in good faith, and for a valuable consideration, of the same real estate, or any portion thereof, whose conveyance shall be first duly recorded." By "subsequent purchaser" in this section is meant a subsequent purchaser from the same grantor. Mr. Wilcox was not such a purchaser. He does not claim under Squires, but by conveyances from the State which, if valid, should cut off the Squires title altogether. Moreover if he were claiming under deed from Squires, the previous unrecorded conveyance would be valid as against him until he had shown the payment of the purchase price. *Shotwell v. Harrison* 22 Mich. 410. The mere institution of suit cannot make one a *bona fide* purchaser.

As the tax deeds were not put in evidence, the record presents no question arising upon them.

The court did not err in its ruling, and the judgment must be affirmed with costs.

The other Justices concurred.