(123 N. W. 281.)

---

## HANS MARTINSON v. MARY A. REGAN, ET AL.

Opinion filed November 4, 1909.

### Vendor and Purchaser — Non-Performance by Purchaser — Excuses.

1. The mere fact of the commencement of an action against the vendor and vendee in an executory contract of sale of real estate, to determine adverse claims, the complaint being in the form prescribed by section 7522, Rev. Codes 1905, does not of itself furnish grounds or reasons excusing the vendee from performance, and this is especially so when the vendee, when negotiating for extensions of the time of payment, never gave as an excuse for failing to make payments the fact that such action had been commenced.

### Same — Ability of Vendor to Perform.

2. Where a contract for the sale of real estate is entered into in good faith, is it not necessary that the vendor be actually in a situation to perform at the time it is entered into, provided he is able to do so at the proper time.

**Same — Payment of Taxes by Vendee — Time of Performance — Waiver.**

3. In a contract for the sale and purchase of real estate, under the terms of which payments were to be made yearly for a term of years and requiring the vendee to pay the taxes, without stating any date when they should be paid, time being made of the essence thereof, a notice requiring the vendee to perform served thirty-four days after the date taxes became delinquent is given in a reasonable time and without such delay as to be a waiver of performance, when the evidence shows that the vendee was not prejudiced by the lapse of the time mentioned.

**Same — Right in Equity to Extension of Time.**

4. When it clearly appears that the vendee cannot comply in any manner with the terms of a contract for purchase of real estate, and due service of notice to perform, followed by notice of cancellation, was made, a court of equity will not under most circumstances grant further time to the vendee for performance.

**Contract Properly Cancelled.**

5. *Held,* under the facts of this case, that no error was committed by the trial court in entering judgment canceling an executory contract for purchase and sale of real estate.

Appeal from District Court, Ramsey county; *Cowan,* J.

Action by Hans Martinson against Mary A. Regan and others. Judgment for plaintiff, and defendant Regan appeals.

Affirmed.

*Anderson & Traynor* for appellant.

Delay in cancelling contract waives right to terminate it. Fargusson v. Talcott 7 N. D. 183, 73 N. W. 207; Timmins v. Russell 99 N. W. 48; Boyum v. Johnson et al., 8 N. D. 306, 79 N. W. 149; Merriam v. Goodlett et al., 54 N. W. 686; Gaughen et al. v. Kerr et al., 68 N. W. 694; Pier v. Lee, 86 N. W. 642; 9 Cyc. 608; Eaton v. Schneider et al., 57 N. E. 421.

Notice of forfeiture given before vendor had acquired title was a nullity. Easton v. Lockhart, 10 N. D. 181, 86 N. W. 697; Townshend v. Goodfellow et al., 41 N. W. 1056; Rev. Codes 1905, Sec. 6617; 22 Am. & Eng. Enc. Law, 948, and Note 2; Turner v. McDonald, 76 Cal. 177, 9 Am. St. Rep. 189, 18 Pac. 262; Lyman v. Strondbeck 16 So. Rep. 662; Holmes v. Woods, 168 Pa. St. 530, 32 Atl. Rep. 54; Weaver v. Richards, 108 N. W. 382; Howe v. Coates et al, 107 N. W. 397; 2 Estee's Pleading, Sec. 2876.

*Burke, Middaugh & Cuthbert,* for respondent.

Vendor need not have title at time of contract, if he is able to convey at proper time. Clapp v. Tower et al., 11 N. D. 556; 93 N. W. 862; Townshend v. Goodfellow et al, 41 N. W. 1056; Brown v. Haff, 5 Paige Ch. 235; Jenkinson v. Fahey, 73 N. Y. 355; Pierce v. Nichols, 1 Paige 244; Brown v. Haff, 5 Id. 235; Dresel v. Jordan, 104 Mass. 407.

Appellant is estopped to question plaintiff's title. 2 Herman, Estoppel, p. 947; Cowdrey v. Greenlee, 8 L. R. A. (N. S.) 137; Schiffer v. Deitz, 83 N. Y. 300; Moore v. Smedburgh, 8 Paige's Ch. 600, 4 Law Ed. 558; Fargusson v. Talcott et al, 7 N. D. 183, 73 N. W. 207; Eaton v. Schneider et al, 57 N. E. 421; Monson v. Bragdon et al, 42 N. E. 383.

It is the duty of the vendee, after notice to comply with her terms of the contract, to perform; and upon failure is foreclosed of all rights under it. Harris v. Troup, 8 Paige, Ch. 423, 4 Law Ed. 488; Phillips v. Carver et ux. 75 N. W. 432; Ferris et al v. Jensen, 114 N. W. 372; Spolek et al v. Hatch, 113 N. W. 75.

Before vendee can claim a specific performance, he must show his readiness, willingness and ability to perform, and make a tender. Kreutzer v. Lynch et al., 100 N. W. 887; Cughan v. Larson et al., 100 N. W. 1088; Sec. 5254, Rev. Codes 1905; Arnett v. Smith, (N. D.) 88 N. W. 1037; Citing 11 Warvel on Vendors, p. 880, Sec. 32. 196; Cughan v. Larson, 100 N. W. 1088.

SPALDING, J. This action is here for trial de novo on appeal from a judgment in favor of plaintiff confirming title in him as against the defendants and awarding him possession of lots 1, 2, and 3, and the S. ½ of the N. E. ¼ and the S ½ of the N. W. ¼ of section 5, township 156 N. of range 63 W. in Ramsey county, and containing 319.93 acres. We shall not attempt to set out the pleadings, as they are sufficiently covered by the facts which we find. We find the facts as follows: That on the 20th of December, 1902, the plaintiff, herein the respondent, held a contract with one Brown for the purchase of the land described, and on that day entered into a contract in writing with appellant, whereby he agreed to sell, and she agreed to purchase, such premises and to pay therefor $5,120, $1,000 of which was paid on the execution and delivery of the contract, and notes given for the balance, payable $360 December 20,

1903, $940 December 20 1904, $940 December 20, 1905, $940 December 20, 1906, and $940 December 20 1907 all drawing interest at 7 per cent per annum payable annually from date, and she agreed to pay all taxes or assessments that might be levied or imposed on said land beginning with the year 1903, and to erect buildings thereon suitable for occupancy during the year 1903, and to break at least 80 acres in each of the years 1903 and 1904. It was agreed in the contract that time should be of the essence thereof, and that, on the failure of appellant to make either of the payments or to perform any of the covenants to be performed on her part, the contract at the option of the respondent should be forfeited and terminated and all payments made retained by respondent in full satisfaction and in liquidation of all damages by him sustained, and that he should have the right to re-enter and take possession in such contingency. The payments were to be made at the office of C. A. Dodge & Co. at Devil's Lake, N. D. The contract was not assignable without written consent of respondent, and (on the payments being made up to and including December 20, 1904, appellant should be entitled to a deed and to give a mortgage for the part remaining unpaid. Respondent delivered possession of the premises to appellant, who during the seasons of 1903 and 1904 caused to be broken about 100 acres thereon, but erected no buildings. She failed to make the payment due December, 1903, and, after some negotiations between the parties, respondent agreed to extend the time of the 1903 note to October 4, 1904, on receiving $50 which was later paid him. She failed to make any of the other payments on the contract, and paid no taxes on the premises for the years 1903 and 1904, and failed to plow back the land in the fall of 1904 and to seed it in the spring of 1905. In the meantime she had notified the plaintiff and his agents that she was unable to make further payments, and requested more time, and requested Dodge & Co., respondent's agents, to sell the land and get her back the money she had paid, or more. Respondent made no agreement with her to permit further delay in payment. She contends that he agreed to negotiate a loan on the property and give her the benefit of it by applying the amount obtained on her contract, but we do not find from the evidence anything more than a statement made to her that, if he could get enough to make it an object to do so, he would, and he states that he was unable to procure such a loan. Dodge & Co., on behalf of respondent wrote appellant March 7, 1905, that they were instruct-

ed to notify her that, if the contract was to run another season, he must have security on the crop by a bill of sale of one-half of the crop to be delivered at station, also that all taxes must be paid, and to have her sons call and see them regarding it. To this letter she replied, but it does not appear that she accepted the offer. In fact, the evidence shows that she had no seed to put in the land, and that it was unplowed, and that she had no horses or means of putting it in. March 8th respondent wrote her, informing her that the work must be done early that spring, and that she must look after the taxes. No payments being made, either of taxes or on the purchase price, and no work being done on the premises, respondent served written notice on her on the 4th day of April, 1905, to the effect that, by reason of her defaults in the payment of the principal, interest, and taxes, unless payment of the amounts then due were made within 30 days in accordance with the terms of the contract, it would be concelled. No payments being made, on the 5th day of May, 1905, notice of cancellation was served on her, and she was further notified that her notes were deposited in the First National Bank of Devil's Lake for delivery on her surrendering her copy of the contract and possession of the premises, and demand was made for possession. Appellant claims that respondent prevented her renting the land, and thereby complying with the terms of the contract as to cropping in 1905, by the acts and statements of Dodge & Co., his agents. It appears that, while the contract was in force, one Lambert brought an action against both appellant and respondent and others to quiet title in him to a portion of the premises, and served upon appellant a summons and complaint, the complaint being in the statutory form required in actions to quiet title; that one of the parties with whom she talked about renting the place was told by her of this action. He thereupon made inquiry of Dodge & Co. regarding it, and was by them told the facts in response to his inquiry. We do not find that they told him anything more nor less than the inquiry called for, or than the truth. The inquiry also covered the notice served by respondent. We do not find that this was the only cause for her failure to rent. Among other reasons the party did not take the land because he demanded a written lease and failed to receive it. This was not the fault of respondent. We, however, deem the subject of failure to lease to be immaterial in view of the other facts. It is contended that she was excused from performing by reason of the suit brought by

.Lambert, but the evidence shows that such suit was dismissed with prejudice before the trial of the case at bar, and it furnishes no justification of a failure to make payments. Parties cannot be relieved from their obligations on every pretext of this nature. .Respondent testifies that he was able at any time when she complied with the conditions to give her a warranty deed conveying good and valid title, and there is nothing in the record to conflict with this other than the mere fact of the commencement of an action, in statutory form, to quiet title. The commencement of such an action established no claim of title adverse to the respondent. The complaint did not state the grounds on which Lambert based his claims, and utterly failed to disclose any facts from which the merits of that action can be determined, and did not excuse appellant from meeting her obligations under the contract. She, in fact, never gave this as an excuse to respondent for failing to comply with the terms of the contract, and the evidence shows conclusively that it, in fact, did not influence her conduct. Where a contract is entered into in good faith, it is not necessary that the vendor be actually in a situation to perform at the time it is entered into, provided he is able at the proper time to place himself in that situation. Clapp v. Tower, 11 N. D. 556, 93 N. W. 862; Townshend .v. Goodfellow, 40 Minn, 312, 41 N. W. 1056, 3 L. R. A. 739, 12 Am. St. Rep. 736.

The next contention is that respondent had waived his right to enforce cancellation by delay after the payments of 1903 and 1904 became due. This is in effect conceded by respondent, and it is not necessary to determine whether a waiver had occurred. Appellant cites several authorities holding that delay of three or four months waives strict compliance, but the facts were very different .from these in this case. In all of such cases the vendee had done .some act or acts in reliance on the waiver, had either made improvements on the property or expended money in making plans for future, conduct in relation to it, or would have been prejudiced by some similar act showing a reliance upon the- waiver. This appellant is in no such position. She did nothing whatever with the premises after the payment became due in October, 1904, as we ·have said, not even plowing back the land, and, even if the favor .shown appellant in not more promptly insisting upon the cancellation by reason of her defaults in paying the notes does not con- .stitute a waiver, respondent had not waived the payment of the

taxes due December 1, 1904, and delinquent March 1, 1905, and this default justifies the cancellation of the contract. It is contended that there was a delay of four months after such default before the notice to pay within 30 days was served. We do not so consider it. While taxes on real property become due December 1st, they are not delinquent, and no penalty or other imposition attaches until March 1st, and, while the contract did not specify when the taxes should be paid or when failure to pay them should work a forfeiture or default, we are satisfied that a reasonable construction of the contract and the law in such case fixes the date of delinquency as to the date of default. Appellant has no cause for complaint in fixing it at that date, as it gives her three months more favor than she would have had if construed to apply to the date when the taxes became due. The delay of a little more than a month after the date of delinquency cannot be considered as an unreasonable lapse of time before serving the notice. This is especially so in view of the letters of March 7th and March 8th, calling her attention to the necessity of paying taxes. Plaintiff was given by the notice 30 days in which to perform as to the items then due. The facts show that respondent had been extremely lenient to the appellant; that she had engaged in a venture in purchasing this land and was unable to carry out the terms of her contract, even approximately. The land had not increased materially in value at the time of the trial in the district court, and she was anxious to let go of it if she could and get her payments back, and was unable to carry it on if the contract was permitted to stand. Under some circumstances, she might be entitled to additional time or some allowance on account of the money paid, but on the trial she testified that she had no money to make payment and no means of procuring any, and it clearly appears that she cannot comply with the terms of the contract in the slightest degree as to further improvements and cropping, and it would only be a waste of time and a loss of interest to permit the contract to remain in force. In other words, it would be permitting appellant to speculate solely at the expense of respondent when she was not simply technically, but grossly, in default.

Appellant asks the court to decree that respondent be required to furnish a warranty deed to defendant, with good and marketable title, upon payment by the defendant of the amount due on the contract March 5, 1905. From the statements of appellant that she has

no means of carrying out the contract and making further payments, any such provision or requirement, if otherwise proper, would be entirely useless.

Damages are also asked by appellant. We are unable to comprehend any right, either in law or equity, to damages when she is the party in default. Under the circumstances of this case, she is not entitled to compensation for the breaking which she did, and it may be well. questioned whether the evidence shows any increase in value of the premises by reason of such breaking at the time the notice was served.

The judgment of the district court is affirmed. All concur.