LUCK LAND COMPANY, Appellant, v. LINSTROM,

Respondent.

(201 N. W. 707.)

(File No. 5566.   Opinion filed December 31, 1924.)

1.   **Contracts—Pleadings—Demurrer—Answer, Alleging No Consideration Was Received by Defendant, Bad on Demurrer.**

Defendant's answer, that he received no consideration for alleged contract sued on, is bad on demurrer as not negativing that consideration was received by some one with his consent.

2.   **Pleading — Answer — Demurrer—Answer Denying Consideration Bad, Where Contract Attached Shows Consideration.**

In vendor's action for installments of price where attached to defendant's answer is a copy of contract showing consideration, averment denying consideration is bad on demurrer; defendant being estopped to make such denial.

3.   **Vendor and Purchaser—Defects in Vendor's Title Held Not Bar to Action for Installment on Price.**

That vendor's title is defective is no defense to action for installments due under contract, in absence of fraud, insolvency of vendor, or other equitable considerations; purchaser's rights being limited to demand that title be perfect at time fixed by contract for final performance.

Appeal from Circuit Court, Hamlin County; Hon. W. N. Skinner, Judge.

Action by the Luck Land Company against N. E. Linstrom, defendant. From an order overruling demurrer to defendant's answer, plaintiff appeals. Reversed.

*Hall & Purdy,* of Brookings, for Appellant.
*Linstrom & Benthin,* of Hayti, for Respondent.

(1) and (2)  To points one and two of the opinion, Appellant cited:  13 C. J. 739, 740; Grout v. Townsend, 2 Hill 554

Respondent cited:  Revised Code 1919, Sec. 904; Saunders v. Erickson, (S. D.) 189 N. W. 116; 27 R. C. L. 618, 623, 639. 641 and 648; 39 Cyc 1404, 1405, 1406, 1407 and 1522; Saunders v. Erickson, (S. D.) 189 N. W. 116; Weitzel v. Leyson, (S. D.) 121 N. W. 872.

(3)  To point three, Appellant cited:  39 Cyc. 1529; Martinson v. Regan (S. D.), 123 N. W. 285; Smith v. Kurtzenacker

(Minn.), 180 N. W. 243; Monographic, Note 21, L. R. A. (N. S.) 382; 27 R. C. L. 614; Diggle v. Boulden, 48 Wis. 477, 4 N. W. 678; Hogstead v. Gillett, 199 Pac. 907; Craig v. White, 202 Pac. 648; Golden Valley Land & Cattle Co. v. Johnstone (N. D.), 141 N. W. 76; 39 Cyc. 1957; 27 R. C. L. 457; Loud v. Pamona Land Co., 153 U. S. 564, 38 L. ed. 822.

Respondent cited: Jones v. Tschetter (S. D.), 194 N. W. 839; Ontjes v. Thomas (S. D.), 187 N. W. 726; Hauert v. Kaufman (S. D.), 186 N. W. 555; 39 Cyc. 1307; Ink v. Rohrig (S. D.), 122 N. W. 594; 21 L. R. A. (N. S.) 363.

GATES, J.   Plaintiff and defendant entered into a contract in writing in July, 1919, whereby plaintiff sold certain Minnesota lands to defendant upon a down payment of $1,600, $1,000 to be paid March 1, 1920, $1,000 March 1, 1921, $1,000 March 1, 1922, $1,000 March 1, 1923, $1,000 March 1, 1924, and a mortgage for the residue, $4,600, to be given to plaintiff March 1, 1924.

This action was brought in November, 1922, to recover the installment of $1,000 due March 1, 1922, together with unpaid interest on deferred installments and taxes paid by plaintiff. The appeal is by plaintiff from an order overruling a demurrer to defendant's answer.

[1]   Two legal propositions are raised by the appeal. The first is as to the allegation in the answer as to a lack of consideration.   The allegation is:

"That the defendant received no consideration for the alleged contract herein."

[2]   Such an averment is bad on demurrer, since, if the contract has a consideration to support it, that is sufficient, whether it was received by defendant or by some one else by his consent.   13 C. J. 740. Furthermore, the copy of the contract attached to the answer admits a consideration, and defendant is estopped thereby from denying it.   McPherson v. Fargo, 10 S. D. 611, 74 N. W. 1057, 66 Am. St. Rep. 723.

[3]   The other question is whether title in plaintiff at the time of bringing this action is a prerequisite to the bringing of it. It appears from the answer that the title to some of the tracts covered by the contract is not in appellant, and that there are certain liens thereon.   It must be remembered that this is not an

action for the rescission of the contract brought by the vendee, nor is it an action for the specific performance of the contract, but is an action brought for the recovery of an installment due two years before appellant could bring an action for specific performance. Nowhere in the answer is there any allegation of bad faith on the part of vendor in making the contract. Nowhere therein is there an allegation that vendor is insolvent, nor are any other facts alleged that would render the payment of the March, 1922, installment inequitable.

Under such circumstances, the general rule seems to be that title in the vendor at the time of bringing the action is not a prerequisite thereto.

"In the absence of fraud, insolvency or other equitable considerations, or a contract stipulation, requiring an abstract showing perfect title, a defect in the record title of the vendor in an executory contract for the sale of land * * * will constitute no ground for rescission by the vendee or justification for refusal to make deferred payments on the agreed purchase price of the property. * * *

"All the vendee may rightfully insist upon in such case is that the title be perfect at the time fixed by the contract for final performance." Smith v. Kurtzenacker, 147 Minn. 398, 180 N. W. 243.

See, also, 39 Cyc. 1529; Martinson v. Ryan, 18 N. D. 467, 123 N. W. 285; note, 21 L. R. A. (N. S.) 382; 27 R. C. L. 614; Knapp v. Davidson, 179 Wis. 493, 192 N. W. 75; Hogsed v. Gillett, 60 Mont. 467, 199 P. 907; Craig v. White, 187 Cal. 489, 202 P. 648.

We are therefore of the opinion that the trial court erred in overruling the demurrer to the answer, in respect to the portions of the order appealed from.

DILLON, J., not sitting.

Note.—Reported in 201 N. W. 707. See, Headnote (1), American Key-Numbered Digest, Contracts, Key-No. 340, 13 C. J. Sec. 884; (2) Pleading, Key-No. 312, 31 Cyc. 564, Estoppel, 21 C. J. Sec. 115; (3) Vendor and purchaser, Key-No. 308(1), 39 Cyc. 1529, 1926.

For authorities discussing the question of right of grantee in possession to question right of grantor to collect purchase money, see note in 21 L. R. A. (N. S.) 382.