These are two suits for partition. Complainants in each case assert title to an undivided one-half of the land and concede to defendants the other half. Defendants claim the whole.
Jacob W. Vogt and his sister, the complainant Elizabeth Turick, were tenants in common of a tract of land subject to a life estate of their mother. The three agreed in 1912 to partition the tract and, pursuant to their agreement, Jacob Vogt and wife, and Mrs. Turick and husband, deeded to their mother in fee part of the land. Jacob Vogt and wife and his mother conveyed to Mrs. Turick and her husband another part. These two parcels are not the subject of the suits. By a third deed, Mrs. Turick and husband and her mother conveyed to Jacob Vogt and Rosie Vogt,his wife, the land now in controversy. All three deeds were deeds of bargain and sale without covenants, and each purported to convey "all that certain plot, tract or parcel of land and premises" therein particularly described. Jacob Vogt died intestate in 1918, leaving surviving his widow and, as his sole heir-at-law, his sister, Mrs. Turick. The widow died a few months later, leaving a will under which defendants hold title. Mrs. Turick first asserted her claim in 1932, although her title vested thirteen years earlier, if it ever did vest.
Complainants point out that before the execution of the deeds above mentioned, Jacob Vogt owned an undivided one-half part of the lands in suit and they contend that his title *Page 263 
thereto, undisturbed by the transaction, descended at his death to his heir, Mrs. Turick. As to the other half interest, they admit that by virtue of the deed to Jacob and his wife, title thereto vested in them as tenants by the entirety, and that upon his death his widow, as such surviving tenant, became the sole owner of that one-half, title to which is now in defendants. Defendants contend that the delivery and acceptance of the deed purporting to convey to Jacob and his wife the entire title and not merely an undivided one-half, evidenced an intention in all the parties to the deed that the grantees should hold the whole as tenants by the entirety, and that Mrs. Turick is estopped to assert that the conveyance had any other effect or that she has any title in the premises.
When the deed by the Turicks to the Vogts was executed, Mrs. Turick owned an undivided one-half of the property and Mr. Vogt one-half. Whatever the intention of the parties may have been, this deed, as a grant by Mrs. Turick, could not convey a greater interest than she owned; and, whatever their intention, the deed, not signed by Mr. Vogt and containing no grant by him, could not divest him of part of his title and transfer it to his wife. The contention of the defendants can be maintained, if at all, only on the ground of estoppel. Is Mrs. Turick precluded by her deed from asserting the title which she inherited from Mr. Vogt, and did that estoppel operate to transfer her title to Mrs. Vogt?
The estoppel must spring from the words of the deed itself, since an effective grant or agreement to convey lands cannot be made orally. The only cases in which the question of estoppel arises are those in which the granting clause or the habendum
names a larger interest than the grantor owns. A deed of an undivided interest or an estate less than fee, will not estop the grantor in respect to the remaining interest or estate, even though it contains full covenants. 18 C.J. 288; 21 C.J. 1078;Adams v. Ross, 30 N.J. Law 505. It is the general rule that a bargain and sale deed will not, by estoppel, carry the after-acquired title. Howe v. Harrington, 18 N.J. Eq. 495. An exception to the rule is presented when the deed shows an intention to convey such title. Van Rensselaer v. *Page 264 Kearny, 52 U.S. 297; Hannon v. Christopher, 34 N.J. Eq. 459;Northrup v. Ackerman, 84 N.J. Eq. 117. This intention must be gathered from the covenants or recitals. The use of the words "all that tract" or the like, in the grant, or an habendum in fee when the grantor's estate is less than fee, are not sufficient, by themselves, to show an intention to convey more than the grantor then owns. Otherwise, the rule would mean nothing, since the exception would be as broad as the rule. The defendants rely entirely on the words "all that" tract in the granting part of the deed. The phrase is not enough to create an estoppel against Mrs. Turick.
But even if Mrs. Turick's deed had contained full covenants, I doubt if defendants could prevail. A grantor is not estopped to assert a title which he later obtains from his grantee. 21 C.J.1085. Nor do I think it makes any difference that Mrs. Turick derived title from one only of her grantees and presses her claim against the successors of the other. The rule of estoppel under consideration was adopted, according to most authorities, to avoid circuity of action. "He is estopped to set up a title subsequently obtained by him because if he should recover against his grantee, the grantee in his turn would be entitled to an action against the grantor to recover the value of the land."Comstock v. Smith, 30 Mass. 116; 23 Am. Dec. 670. If the deed had contained the usual covenants and Mrs. Vogt had sued Mrs. Turick for damages for breach of the covenant of title, the latter would have had a defense in the fact that the outstanding title was in one of the grantees. 8 Am. Eng. Encycl. 88;Fitch v. Baldwin, 17 Johns. (N.Y.) 161. Or if it be considered that underlying the estoppel is a promise implied from the covenant to convey the after-acquired title, there could be no specific performance, because both grantees knew, when the deed was made, that the outstanding title was in one of them. The estoppel would not arise because no action on the covenant would lie.
Complainants own a one-half interest in the property in each suit and are entitled to decrees accordingly. *Page 265