Margot M. McLAUGHLIN, Carole M. Wolf, Karen A. Holm, Thomas A. Moravec, Tamara N. Moravec, and Terrance A. Moravec, Plaintiffs and Appellants,

v.

A. Burke LAMBOURN and Myrtle M. Lambourn and Ladd Petroleum Corp., Terra Resource, Inc., a Delaware Corporation, Paris-Williston Corporation, a Delaware corporation, and all other persons unknown claiming any estate or interest in or lien or encumbrances upon the property described in the Complaint, whether as heir, devisee, legatee, creditor or personal representative of a deceased person, or under any other title or interest, Defendants and Appellees.

Civ. No. 10723.

Supreme Court of North Dakota.

Jan. 2, 1985.

Malloy & Malloy, Dickinson, for plaintiffs and appellants; argued by Harry L. Malloy, Dickinson.

Howe, Hardy, Galloway & Maus, Dickinson, for defendants and appellees A. Burke Lambourn and Myrtle M. Lambourn; argued by Michael J. Maus, Dickinson.

SAND, Justice.

The appellants (hereafter corporately referred to as McLaughlin) appealed a district court judgment in a quiet title action against A. Burke Lambourn, et al. (Lambourns).

The facts of this appeal are essentially uncontroverted. On 15 March 1950, C.T. and Ruth Moravec (Moravecs), ancestors and predecessors in interest to McLaughlin, executed a contract for deed to convey to the Lambourns real property located in Slope County. The contract for deed provided the Moravecs would convey the property by warranty deed upon full payment on the contract for deed. The contract for deed contained no reservation by the Moravecs of any mineral rights.

Twelve days after the contract for deed had been signed, on 27 March 1950, the Federal Farm Mortgage Corporation (FFMC) conveyed to the Moravecs by a limited warranty deed the same property the Moravecs had earlier sold to the Lambourns by the contract for deed. The limited warranty deed reserved to FFMC fifty percent of the property's mineral rights. The limited warranty deed was recorded in the Slope County Register of Deeds on 10 April 1950, five minutes before the Moravecs and Lambourns' contract for deed was recorded.

By these two transactions the Moravecs conveyed to the Lambourns, by contract for deed, property which at that time they did not own. A. Burke Lambourn testified that when he signed the contract for deed on 15 March 1950 he was unaware the Moravecs did not own the property or that FFMC would retain a fifty percent mineral reservation. A. Burke Lambourn further testified he assumed he was to receive the property in fee simple.

Roughly two years later, on 27 May 1952, FFMC conveyed to the Moravecs by quitclaim deed its outstanding fifty percent mineral reservation it had retained by virtue of the 27 March 1950 limited warranty deed. The Moravecs now owned all the property subject to the contract for deed.

Three years subsequent the Moravecs conveyed the same property by warranty deed to Sylvia Fries, Irene Anderson, and Mae Kalisiak, all sisters of C.T. Moravec. This warranty deed did not reserve any mineral rights but did provide it was subject to the 15 March 1950 contract for deed to the Lambourns.

In 1960 the Lambourns made the final payment on the contract for deed and Fries, Anderson and Kalisiak conveyed the property to the Lambourns by warranty

deed. This warranty deed contained no reservation of any mineral rights. C.T. and Ruth Moravec subsequently died and through the respective deeds of distribution conveyed an undivided fifty percent interest in the mineral rights in the property to McLaughlin, et al.

In 1982 McLaughlin brought a quiet title action against the Lambourns claiming ownership of the fifty percent mineral interest by virtue of the 27 May 1952 quitclaim deed from FFMC to the Moracvecs, McLaughlin's predecessors in interest.

In a bench trial the district court concluded the property, including the mineral rights, was conveyed to the Lambourns in fee simple by the 15 March 1950 contract for deed and subsequent warranty deed. The court concluded McLaughlin's quiet title action was barred by estoppel by deed and dismissed the complaint. McLaughlin appealed.

McLaughlin claimed the trial court erred in ruling she was estopped from claiming ownership of fifty percent of the property's mineral interest.

The doctrine of estoppel by deed protects an unwitting grantee who takes a conveyance in reliance upon the good title of the grantor when in fact the grantor does not possess legal title to the property purportedly being conveyed. See Powell, Real Property, § 927 (1980); *Gilbertson v. Charlson,* 301 N.W.2d 144 (N.D.1981). Estoppel by deed in effect precludes the grantor from asserting against the grantee any right or title in derogation of the deed, or from denying the truth of any material facts asserted in it. *Kadrmas v. Sauvageau,* 188 N.W.2d 753 (N.D.1971); *Gilbertson, supra.* In short, estoppel by deed prevents a party from denying the truth of its deed.

The policy justifications for estoppel by deed are substantial. Estoppel by deed promotes the judicious policy of making certain formal documents final and conclusive evidence of their contents. See generally, Dobbs, Remedies. p. 43 (1973); NDCC § 47–10–01 (statute of frauds);

*Gjerstadengen v. Hartzell,* 9 N.D. 268, 83 N.W. 230 (1900). The invocation of estoppel by deed also avoids circuity of actions. For if the grantor, after conveying property with a warranty of title, asserts against the grantee any right or title in an attempt to defeat his deed, he will be liable for damages for doing so. *Turick v. Erdmann,* 112 N.J.Eq. 261, 164 A. 40 (1933); *Body v. McDonald,* 79 Wyo. 371, 334 P.2d 513 (1959); *Smith v. Gaub,* 19 N.D. 337, 123 N.W. 827 (1910); *Smith v. Williams,* 44 Mich. 240, 6 N.W. 662 (1880).

In North Dakota the applicability of estoppel by deed depends upon consideration of four factors: (1) was the party to be estopped apprised of the true state of his own title; (2) was his conduct or declarations done with the express intention to deceive, or with such careless and culpable negligence as to constitute constructive fraud; (3) was the party asserting estoppel by deed not only destitute of all knowledge of the true state of the title, but of the means of acquiring such knowledge; and (4) did the party asserting estoppel rely directly upon such conduct or admissions, and will he be injured by allowing the truth to be disproved. *Gilbertson, supra* at 147.

At trial McLaughlin contended she should not be estopped from asserting her ownership of fifty percent of the mineral interests because the Lambourns had both actual and constructive knowledge the Moravecs reserved fifty percent of the mineral rights. Essentially McLaughlin argued the Lambourns did not satisfy the third requirement of the *Gilbertson* test, namely, that the Lambourns were not destitute of all knowledge (actual) or the means to acquire knowledge (constructive), of the true state of the Moravecs title.

The trial court did not directly rule on this issue but rather concluded the "Moravecs could not convey and warrant, and reserve and retain (or fail to convey) the same thing at the same time." Based upon this conclusion the trial court ruled

McLaughlin's action to quiet title was barred by estoppel by deed.[1]

On appeal McLaughlin contended the trial court disregarded the third requirement of the *Gilbertson* test and erred in allowing the Lambourns to assert estoppel by deed. The determination if the Lambourns were destitute of not only all knowledge, but also the means of acquiring knowledge of the true state of the Moravecs title was a question of fact and thus is governed by NDRCivP 52(a). Pursuant to NDRCivP 52(a) we will not overturn the trial court's finding of fact unless it is clearly erroneous.

Upon appeal McLaughlin argued the Lambourns had actual knowledge, either by themselves or imputed through their attorney, that the Moravecs were reserving fifty percent of the mineral rights when the contract for deed was signed. Apparently an attorney [2] involved in this transaction retained possession of the Lambourns' down payment on the contract for deed until he received FFMC's limited warranty deed conveying the property to the Moravecs.[3] The attorney then recorded FFMC's limited warranty deed to the Moravecs five minutes prior to recording the Moravec and Lambourns' contract for deed. McLaughlin argued these circumstances in this transaction demonstrated the Lambourns were aware, and consented to, their purchase of only fifty percent of the mineral rights by the contract for deed.

However, McLaughlin's explanation of these events is based entirely upon conjecture and upon inferences she drew. It is alternatively a simple task to speculate that both the Moravecs and Lambourns intended the contract for deed to convey one hundred percent of the mineral rights, as it does on its face, and that they assumed the Moravecs would subsequently obtain the necessary title from FFMC prior to the time they had to convey the property by warranty deed.[4] The trial court's judgment, in permitting the assertion of estoppel by deed, tacitly determined the Lambourns were without actual knowledge that the Moravecs intended to retain fifty percent of the mineral rights when the contract for deed was executed. We cannot rule that the trial court's finding was clearly erroneous under NDRCivP 52(a).

McLaughlin additionally asserted the Lambourns had constructive notice that the Moravecs did not, at the time of the signing of the contract for deed, possess title to the property and therefore estoppel by deed was inappropriate. NDCC § 1–01–24 states that constructive notice means notice imputed by law to a person not having actual notice. NDCC § 1–01–25 defines constructive notice:

---

1. Lambourns contended, and the district court concurred, that the doctrine of after-acquired title was applicable in this case. The principle of after-acquired title exists when a grantor of real property having lesser title than he presumed to grant, subsequently acquires the title or estate which he purported to convey. After-acquired title inures to the benefit of the grantee or his successors. See Powell, Real Property, § 927 (1984); NDCC § 47–10–15. However, in this case there was no after-acquired title. The Moravecs signed a contract for deed to convey by warranty deed, property which at that time they did not own. This was permissible. *Martinson v. Regan*, 18 N.D. 467, 123 N.W. 285 (1909). However, by the contract for deed the Moravecs conveyed to Lambourns only equitable, and not legal title, to the property. Prior to the time the Moravecs' successors conveyed legal title to the Lambourns by warranty deed, the Moravecs had obtained title in fee simple to the property. Only if the Moravecs had obtained this fee simple title after conveying the property to Lambourns by warranty deed would the doctrine of after-acquired title apply. However, this distinction is not in and of itself dispositive in this case.

2. It is unclear if the attorney was representing the Lambourns alone or jointly representing both the Lambourns and the Moravecs.

3. FFMC's limited warranty deed reserved fifty percent of the mineral rights but subsequently FFMC conveyed this fifty percent reservation to the Moravecs by quitclaim deed.

4. When a contract is entered into in good faith, it is not necessary that the vendor actually be in a position to perform at the time it is entered into, provided he is able at the proper time to place himself in that position. *Martinson v. Regan, supra,* note 1.

"Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact and who omits to make such inquiry with reasonable diligence is deemed to have constructive notice of the fact itself."

McLaughlin argued that *if* the Lambourns had recently inquired at the county register of deeds they would have discovered the Moravecs did not own the land they were selling. Having failed to do so, the Lambourns are deemed to have had constructive notice of the true state of the Moravecs' title, or lack thereof. *Sittner v. Mistelski,* 140 N.W.2d 360 (N.D.1966); *Burlington Northern, Inc. v. Hall,* 322 N.W.2d 233 (N.D.1982).

However, assuming it was reasonable to expect the Lambourns to inquire as to the true state of the Moravecs' title, such inquiry would have only indicated the Moravecs did not own the property, not that they intended to reserve fifty percent of the mineral interests. The Moravecs could properly sell the property to Lambourns by contract for deed although at that time they did not own the land. *Martinson v. Regan,* 18 N.D. 467, 123 N.W. 285 (1909). The Lambourns could rightfully assume that the Moravecs would obtain all the title they purported to convey by the contract for deed by the time it was necessary to convey such title by warranty deed. The important factor is that the Moravecs contracted to convey the property by warranty deed, thereby warranting title to the property. The well established rule is that a general conveyance of land, without any exceptions or reservations of the minerals therein, carries with it the minerals as well as the surface. *Kadrmas, supra.*

The trial court estopped McLaughlin from asserting ownership to the fifty percent mineral interest, thereby implicitly finding that all four requirements of the *Gilbertson* test were satisfied. We cannot conclude that the court erred.

5. The Lambourns argued this appeal was frivolous and requested double costs, including reasonable attorney's fees pursuant to Rule 35 of

Because we agree estoppel by deed was applicable in this case, which consequently bars McLaughlin's quiet title action, we need not address any of the additional arguments made by the parties on appeal.[5] Accordingly, we affirm the judgment of the district court in dismissing McLaughlin's action.

PER CURIAM.

The foregoing opinion was principally prepared by the Honorable Paul M. Sand, Justice, before his death. It is adopted by the undersigned as the opinion of this Court.

ERICKSTAD, C.J., VANDE WALLE and PEDERSON, JJ., and WM. F. HODNY, District Judge, concur.

HODNY, District Judge, sitting in place of GIERKE, J., disqualified.

the North Dakota Rules of Appellate Procedure. This clearly was not a frivolous appeal.