## MAUD E. SMITH v. JOHN KURTZENACKER AND ANOTHER.[1]

### December 17, 1920.

### No. 22,066.

**Trial—reopening of case for more evidence—review on appeal.**

1. The trial court may, in its discretion after trial and decision of a cause, reopen the case for further evidence on the application of either party, and an order of the kind will be reversed only when an abuse of discretion.

**Vendor and purchaser—rescission of executory contract for defect in record title.**

2. In the absence of fraud, insolvency or other equitable considerations, or a contract stipulation requiring an abstract showing perfect title, a defect in the record title of the vendor in an executory contract for the sale of land, existing at the date thereof, will constitute no ground for rescission by the vendee or justification for refusal to make deferred payments on the agreed purchase price of the property.

**Same—title to be perfect at completion of contract.**

3. All the vendee may rightfully insist upon in such case is that the title be perfect at the time fixed by the contract for final performance.

[1]Reported in 180 N. W. 243.

**Same—allotment to mixed blood Indian—vesting of record title.**

4. The title of the land involved in this case, derived from the Federal government through an allotment to a mixed blood Indian of the White Earth Reservation, *held* to have completely vested of record in defendants prior to the date fixed for the performance of the contract; there was no fraud; the vendors are not insolvent, and the vendee cannot complain of a prior defect in the record title.

Action in the district court for Wright county to cancel a contract for the sale of certain real property and to recover $2,300. The substance of the pleadings will be found in the second and third paragraphs of the opinion. The case was tried before Giddings, J., who made findings and ordered judgment in favor of defendants. Plaintiff's motion for amended findings and conclusions or for a new trial, was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*W. H. Cutting* and *S. A. Johnson,* for appellant.
*H. S. Whipple* and *R. J. Powell,* for respondents.

BROWN, C. J.
Action to rescind a contract for the sale of certain real property and to recover the down payment made at the time the contract was entered into on the ground of fraudulent representations as to the title. Defendants had judgment and plaintiff appealed.

The complaint alleged in substance and effect that plaintiff was induced to enter into the contract by reason of the misrepresentations to her that defendant John Kurtzenacker was the absolute owner of the property, with the right of possession, when in fact he was not such owner or entitled to the possession of the land. The answer put the allegations of the complaint in this respect in issue, and thereon the cause came on for trial before the court without a jury. The court found the allegations of the complaint true and ordered judgment for plaintiff as prayed for therein with costs of suit. The decision was made and filed on December 27, 1918.

Thereafter on March 6, 1919, defendants moved the court, upon affidavits setting out the facts made the foundation of the motion, for an order reopening the case, with the privilege to defendants of presenting

further evidence upon the issue of the title to the land. After hearing the parties the court granted the motion. Thereupon the parties entered into a stipulation providing for filing by defendants a supplemental answer and a reply thereto by plaintiff, and thereafter "that the cause may be noticed for trial by either party in the manner provided by statute." The cause subsequently came on for trial on the issue made by the supplemental answer and on the evidence then presented the trial court found that all the parties to the contract entered into the same in good faith; that though defendants did not have a perfect title to the land at the time the contract was entered into, they did possess a certain right and interest therein, which since the first decision was rendered had ripened into a complete title, and that they are in position to fully comply with the contract and convey to plaintiff, at the time fixed by the contract, namely, June 19, 1920, a fee simple title. Judgment was ordered to the effect that plaintiff take nothing by the action, and that defendants have their costs and disbursements. Judgment was entered accordingly. The decision was rendered in January, 1920, some four months prior to the time named in the contract for the final payment of the purchase price of the land and the execution of a proper deed conveying the same to plaintiff.

The facts in respect to the title are not in dispute. The land formerly was a part of the White Earth Indian Reservation and some time prior to the year 1900 was, by the proper Federal authorities, allotted to a mixed blood Indian bearing the euphonious name of Nah-guan-way-we-dung. The allottee was a minor at the time and died on December 31, 1900, before reaching his majority. Thereafter in due course of procedure the Federal authorities duly issued in the name of the allottee a trust patent bearing date December 20, 1902, as authorized and provided for by the Indian Allotment Act of February 8, 1887. The allottee left surviving as sole heir and next of kin his father, and in due proceedings in the probate court of Becker county a decree was entered on July 6, 1906, assigning the land to him under the name of Jacob Smith as such heir. The decree was recorded in the office of the register of deeds. Defendants, through various mesne conveyances, have succeeded to the title thus acquired from the Federal government; they

held the same at the time of the transaction here involved. Subsequent proceedings were had before the Federal land department, and in the Federal courts involving the title to the land, the result of which was a confirmation of the title and rights of the allottee, the title of Jacob Smith, as heir at law of the allottee, and the issuance of a patent by the Federal government on June 24, 1919, conveying the land to Smith in fee simple as such heir.

The contract of sale in question provided for a conveyance of the land to plaintiff upon the payment of the balance of the purchase price, June 19, 1920, being fixed and agreed upon for the final acts of performance. It may be conceded for the purposes of the case that, at the time the contract was entered into, defendants did not have and could not then convey a marketable title to the land. The character of the allottee as a mixed blood Indian had not then been determined, and for that reason the record title was incomplete. Geray v. Mahnomen Land Co. 143 Minn. 383, 173 N. W. 871. But by the proceedings in the Federal land department referred to and the patent issued to Smith as a result thereof on June 24, 1919, the title and right of the allottee and of the patentee, his heir, and those claiming under and through that title, including defendants, were fully established and made final, vesting in defendants a perfect and complete title to the land.

In that state of the facts, the evidence to establish which was admissible and properly received on the trial, it seems clear that the learned trial court rightly disposed of the case on the second trial. By the allotment of the land the allottee, Nah-guan-way-we-dung, acquired a title and interest therein which descended on his death to his next of kin, Jacob Smith. U. S. v. Chase, 245 U. S. 89, 38 Sup. Ct. 24, 62 L. ed. 168. The title thus granted, though incomplete of record, for the reasons stated above passed to and was held by defendants at the time of the sale to plaintiff, has since become absolute and in fee simple, and this long prior to the date on which the contract was to be performed by a conveyance to her. It is well settled that, in the absence of fraud or insolvency or other equitable grounds, or specific stipulation requiring the vendor to furnish an abstract showing clear title, a defect in the record title of the vendor in such cases, existing at the date of the contract,

147 M.—26.

will constitute no ground for a rescission by the vendee or justification for a refusal of payment of deferred instalments of the purchase price. True v. Northern Pacific Ry. Co. 126 Minn. 72, 147 N. W. 948; Loveridge v. Coles, 72 Minn. 57, 74 N. W. 1109; Townsend v. Goodfellow, 40 Minn. 312, 41 N. W. 1056, 3 L.R.A. 739, 12 Am. St. 736; 3 Notes on Minn. Reports, 50; 3 Dunnell, Minn. Dig. § 10027. There is no fraud in this case; the court expressly found that both parties entered into the transaction in good faith, and the claim of insolvency on the part of defendants is not suggested. No abstract of title was required by the contract, and the complaint makes no claim in that respect, the sole basis of the action being that the vendor was not the owner of the land when the contract was entered into, therefore that plaintiff had the right to rescind the contract. In that she is in error. Defendants are in position to give her a fee simple title upon payment of the purchase price, and that is all she may rightfully claim on the issues here presented.

The contention that the trial court erred in making the order reopening the case for further evidence is not sustained. The matter rested in the discretion of the trial court, in the exercise of which we find no error. The supplemental answer served by defendants subsequent to the order reopening the case, although perhaps wholly unnecessary, since the true state of the title could have been shown under the original pleadings, was prepared and served under stipulation of counsel, and we discover no valid objection to its presence in the record. It sets forth the facts showing complete title to the land in defendants, which facts occurred subsequent to the first trial, and were made the basis of the amended findings. The findings so made are fully sustained by the evidence, the conclusions of law are supported by the facts found, and no error appearing the judgment appealed from will be in all things affirmed.