# W. T. TRAINER AND ANOTHER v. B. F. LAMMERS AND OTHERS.[1]

June 23, 1922.

No. 22,990.

**Contract for sale of land in respect to mortgages for unpaid balance construed.**

1. A contract between the defendants as vendors of land and the plaintiffs as vendees, upon which $3,200 was paid in cash, and $13,000 was to be paid on or before 5 years, with annual interest, contemplated that the defendants at their option might place mortgages upon the property in the amount of the deferred payments, which mortgages the plaintiffs in such event should assume, and take a deed, all of which was to be done within a stated time. It did not contemplate that the plaintiffs should or might give mortgages to the defendants for the deferred payments, or that the defendants should accept such mortgages, or that the plaintiffs should have a deed until the full $13,000 was paid, except in the event that defendants placed mortgages upon the land. Defendants committed no breach of the contract in

[1]Reported in 188 N. W. 1013.

not putting mortgages upon the property; and not having placed such mortgages the rights of the parties were to be worked out under the contract, the plaintiffs could not rescind because the defendants did not place the mortgages, and they were not entitled to a deed until they paid in full; and the defendants were entitled to the annual interest accruing under the contract.

### Vendees had no right to rescind for mortgage made by vendors.

2. The defendants later placed a $5,000 mortgage upon the land. The mortgage was not executed in accordance with the contract. By placing the mortgage they did not give the plaintiffs a right of rescission. The defendants were required only to have the proper title when the time for performance came.

### Dismissal by plaintiffs at trial did not affect trial of counterclaim for interest.

3. While the trial was in progress the court, on the motion of the plaintiffs, dismissed their cause of action. The dismissal did not prevent the trial of the counterclaim of the defendants for accrued interest.

### Defendants entitled to new trial, not to judgment notwithstanding.

4. When plaintiffs' motion to dismiss was granted the defendants objected, made a motion for a directed verdict, and offered proofs in support of their counterclaim. The motion to direct was denied, and their offers of proof rejected. No verdict was rendered. The trial stopped with no formal disposition. What was done is construed as amounting to a dismissal. The defendants are not entitled to judgment notwithstanding the verdict but are entitled to a new trial.

Action in the district court for Renville county to recover $3,200 for money had and received. Defendants interposed a counterclaim for $810. The case was tried before Qvale, J., who at the close of the testimony granted the motion of plaintiffs to dismiss the action, and denied defendants' motion for a directed verdict on its counterclaim. From an order denying their motion to set aside the dismissal and directing a verdict in their favor for $810 or for a new trial, defendants appealed. Reversed.

*Ricke & Hamrum,* for appellants.

*Murray & Baker,* for respondents.

DIBELL, J.

Action to recover $3,200 paid by the plaintiffs to the defendants upon a contract for the purchase of land. The defendants counterclaimed for $810 due as interest on deferred payments. The court granted the plaintiffs' motion to dismiss during the course of the trial after considerable evidence had been taken, and denied defendants' motion to direct a verdict for $810 upon their counterclaim. The defendants appeal from the order denying their alternative motion for judgment or a new trial.

1. On March 8, 1920, the defendants as vendors and the plaintiffs as vendees entered into a contract for the sale and purchase of 120 acres of land in Renville county for $16,200, of which $3,200, the amount sued for, was paid in cash, $10,000 was to be paid on or before 5 years with interest at 6 per cent and $3,000 on or before 5 years with interest at 7 per cent, interest payable annually. When suit was commenced a year had passed and the defendants counterclaimed for one year's interest accrued upon these two sums. The contract provided for the payments of $16,200 as follows:

"$3,200 cash in hand paid. $10,000 on or before five years from date with interest at 6 per cent. $3,000 on or before five years from date with interest at 7 per cent. All interest payable annually. It is hereby agreed by and between both parties that the said parties of the first part are permitted to place mortgages on the above described lands in such amounts and terms to conform with the payments above stated. Said second parties to accept deed at such time and assume the mortgages. Said changes to be made on or before December 1st, 1920."

The portion just quoted was in typewriting, except the words "and assume the mortgages," which were in handwriting in the space where certain typewritten words were erased. Just following these words the words "or accept deed and execute the mortgages," written in typewriting, were stricken out by red ink lines.

The contract bears but one construction. It was intended that the vendors might if they chose put upon the land mortgages of the amounts stated, within the time provided, and the vendees would

then accept a deed and assume the mortgages. The vendors did not agree to place such mortgages on the property. It was optional with them. The vendees did not agree to make mortgages for these two sums nor did the vendors agree to take such mortgages and give a deed. If the vendors did not exercise the option to place mortgages the contract was as if the provision for them was not in it.. They did not exercise the option—in fact they could not place mortgages of that amount on the property. They acknowledged their inability. The contract of the vendors was therefore to pay $10,000 and $3,000 with annual interest on or before 5 years as they might wish and when they performed they would have a deed. Until then they were not entitled to a deed. They were not entitled to rescind because the defendants did not place the mortgages. The answer of the defendants to such claim is that they did not agree to place them.

The claim that the defendants did not furnish an abstract promptly does not appear to be of consequence. A definite time was not fixed. The default of the defendant, if any, was not really the asserted ground for a rescission.

Upon the evidence recited, with nothing else, the plaintiffs had no right of rescission, which was the basis of their cause of action, but the defendants were entitled to recover on their counterclaim for accrued interest.

2. In January, 1921, the defendants placed a $5,000 mortgage upon the property. This was not a mortgage to cover deferred payments as provided in the contract. It is claimed that the giving of this mortgage incapacitated them from performing their contract and constituted a breach. We do not see it so. It was enough that they had good title such as provided in the contract when the time to convey came and that was not until the plaintiffs performed or tendered performance or until the time fixed for final performance came. Dunnell, Minn. Dig. and Supplements, § 10,027. If the vendors became insolvent or other equitable considerations arose the court would take care of the situation; but the giving of the mortgage alone gave the plaintiffs no right of rescission. Smith v. Kurtzenacker, 147 Minn. 398, 180 N. W. 243.

3. The action in form was for money had and received. The ultimate facts were alleged in the answer and the reply. The answer stated the ultimate facts claimed by the defendants and interposed a counterclaim for the accrued interest of $810. After the trial had been in progress for a day or so the plaintiffs, dissatisfied with their pleadings or proofs, moved to dismiss. The court granted the motion. The dismissal so made could not affect the defendants' right on their counterclaim. See G. S. 1913, § 7825; Griffin v. Jorgenson, 22 Minn. 92; note 15 L. R. A. (N. S.) 341; 7 Stand. Enc. Proc. 657; 9 R. C. L. 202; 17 Cent. Dig. Dismissal and Nonsuit, §§ 34-35; 9 Dec. Dig. Dismissal and Nonsuit, § 19 (2).

4. The defendants objected to the dismissal and in connection with their objection moved for a directed verdict and offered certain proofs. The motion to direct was denied. Defendants did not rest and move for a verdict, or formally move to proceed upon their counterclaim. The case stopped abruptly with the denial of the motion to direct a verdict and the rejection of the proofs, without a formal disposition.

The defendants' motion, the order denying which is the basis of this appeal, was in the alternative for judgment notwithstanding the verdict or a new trial. The case did not go to verdict. What was done should be construed as a dismissal by the court of the counterclaim, either alone or in connection with the dismissal of the plaintiffs' cause of action. The defendants are not entitled to judgment notwithstanding the verdict under G. S. 1913, § 7998, as finally amended by Laws 1917, p. 40, c. 24, though upon the evidence when the trial stopped they were entitled to a verdict. There is no verdict and they are not within the statute. They are entitled to a new trial. This will give the parties, if there is anything left for litigation, an opportunity to get their pleadings in form, if not sufficient now. It will be within the discretion of the trial court to permit such amendments as are proper.

Order reversed.