## OTT v. LONG BEACH CO. et al.

### No. 5069.

Circuit Court of Appeals, Seventh Circuit.

March 21, 1934.

Rehearing Denied May 9, 1934.

Thomas A. Daily and Wilson S. Daily, both of Indianapolis, Ind., John G. Yeagley, of South Bend, Ind., and James R. Fleming, of Portland, Ind., for appellant.

S. J. Crumpacker, of South Bend, Ind., Arthur L. Gilliom, of Indianapolis, Ind., and T. C. Mullen, of Michigan City, Ind., for appellees.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge. ·

There is but one question presented. Does the evidence support the finding of the court upon the single and sharply controverted issue which arose from the following facts?

The first Long Beach Company was an Indiana corporation (and will be so called), incorporated in 1919, with a capital stock of $250,000, of which $150,000 was fully paid up. Orphie W. Gotto and Belva Gotto, his wife, and Clarence L. Mathias were the owners of all the stock, as well as the directors of said company. The corporation was engaged in the real estate business in Indiana. In 1924, these three stockholders incorporated the Long Beach Company of Florida (hereinafter called the Florida corporation) with a capital stock of $100,000 (par value $10), of which $50,000 was paid in. The Indiana corporation owned 497 shares of the Florida corporation's capital stock, and the three aforementioned stockholders of the Indiana corporation each owned one share and were the directors of said Florida corporation. The Florida corporation was engaged in subdividing and platting real estate in Miami. It entered the field at an inopportune time, and its record was an unfortunate one.

Shortly after the Florida corporation was organized, two of the three stockholders, Orphie Gotto and Clarence Mathias, and an out-

sider, Robert F. Garretson, incorporated the Gotto-Garretson-Mathias Company under the laws of Florida, with a capital of $500,000. It also engaged in the Florida real estate business, to its sorrow and to the loss of its stockholders. The Indiana corporation was the principal stockholder, holding eighty per cent. of the stock. Orphie Gotto, Clarence Mathias, and Garretson were the directors of the corporation. The Long Beach Company of Florida and the Gotto-Garretson-Mathias Company occupied the same offices in Miami.

On September 30, 1925, the Florida corporation sent its check for $70,000 to the Indiana corporation. On October 1, the Indiana corporation executed its note to the Florida corporation for like amount. On October 7, 1925, the Florida corporation issued its check for $100,000, payable to the Indiana corporation, and on the same day the Indiana corporation gave its note for $100,000. On October 9, 1925, the Florida corporation issued its check for $25,000 to the Indiana corporation, and on the same day the Indiana corporation executed its note for $25,000 to the Florida corporation. On November 3, the Florida corporation issued its check for $25,000 to the Indiana corporation, and on the same day the latter company gave its note to the former for a like amount.

It further appears that the Florida corporation, in November, 1926, canceled and surrendered the aforementioned notes given by the Indiana corporation and in turn received from the Indiana corporation 2,100 shares of stock of the Gotto-Garretson-Mathias Company, which stock was at the time worthless.

The Florida corporation was adjudged a bankrupt, May 29, 1928, and appellant Ott was appointed trustee in bankruptcy. He was directed to bring this suit to recover the said sums claimed to be due from the Indiana corporation. Upon these facts appellant argues that the decree should have been in his favor.

Appellees admit the receipt of the money and the giving of the notes to the Florida corporation, amounting to $220,000, upon which $10,000 only was paid. To explain and justify the transfer and to avoid liability for the transactions whereby worthless stock was assigned in consideration of the surrender of good notes (the three officers of the two corporations being the same), they testified that when the Gotto-Garretson-Mathias Company was organized it was agreed by and between the Indiana corporation and the Florida corporation that the entire amount of stock of the Gotto-Garretson-Mathias corporation for which either the Indiana or the Florida corporation might subscribe should be taken by the Indiana corporation, to whom the certificates of stock would be issued; that it would hold the same for the benefit of itself to the extent of the money by it contributed therefor and also for the benefit of the Florida corporation to the extent of the amount of money that the latter paid therefor. It further says that as the Florida corporation obtained its money it forwarded the same to the Indiana corporation and the latter paid it over to the Gotto-Garretson-Mathias Company; that as the Indiana corporation received money from the Florida corporation, it immediately gave to the latter its notes in the amounts aforementioned as evidence of such payments. It asserts, however, that such notes were given merely for bookkeeping purposes and did not evidence an indebtedness on the part of the Indiana corporation to the Florida corporation for the reason that it was understood between the two companies that the stock of the Gotto-Garretson-Mathias Company was to be transferred by the Indiana corporation to the Florida corporation and when transferred said notes were to be canceled.

Appellees further stated that pursuant to said understanding, the Indiana corporation subscribed for 3,938 shares of Gotto-Garretson-Mathias Company stock, for which it paid $393,800; that the Florida corporation's share of such subscription was 2,100 shares; that the Indiana corporation transferred these 2,100 shares of Gotto-Garretson-Mathias Company stock to the Florida corporation, and the latter company canceled and surrendered the notes of the Indiana corporation.

The issue of fact thus presented was a narrow one, which the District Court met squarely and decided in favor of appellees.

The record before us discloses a sharp conflict in the evidence. We are not prepared to say that the evidence in favor of appellant's position was so overwhelming that the District Court's finding cannot be allowed to stand. In other words, there is some substantial evidence which supports appellees' view. The oral testimony offered by appellees was neither unbelievable nor incredible. Its weight could be best determined by the trier of fact who saw and heard the witnesses as they gave their oral testimony.

The circumstances under which the findings of fact may be disturbed are set forth in Uihlein v. General Electric Co. (C. C. A.) 47 F.(2d) 997. The facts in the present case are not within any of the recognized excep-

tions and necessitate our acceptance of the findings of the District Court.

The decree is

Affirmed.