## HERNBERG v. TIPTON et al.
### No. 8111.

Circuit Court of Appeals, Seventh Circuit.

Jan. 27, 1943.

Francis C. Harrison, of Davenport, Iowa, and Stewart A. Pearce and Kern, Pearce & Pearce, all of Carmi, Ill., for appellants.

Charles F. Potter, W. F. Weeks, Russell Surles, and Potter & Bezoni, all of Tyler, Tex., for appellee.

Before EVANS, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

The appellee, Hernberg, was sued, together with the appellants, Tipton and Phelan. Appellee Hernberg filed a counterclaim against Tipton and Phelan on four promissory notes totaling $9,500. Copies of the notes were exhibited with the counterclaim. The answer alleged that the notes were procured by fraud; that the consideration for the notes had failed; that they were payable only out of oil if obtained from certain land; and that they were given without any consideration. By agreement of the parties, this controversy was severed from the main action, and tried by the court without the intervention of a jury. From a judgment for the appellee, Hernberg, the appellants, Tipton and Phelan, appeal.

The appellants filed a motion in arrest of judgment and for judgment notwithstanding the verdict for the reason that the appellee had failed to introduce in evidence the notes sued upon, and therefore there was a failure of proof. To this motion, the appellee filed a response, denying that the notes were not in evidence, and in order to relieve any doubt, he also requested the court in the same response: "to reopen the evidence to receive the formal offer of said notes in evidence." This was opposed by a written motion of the appellants, argumentative in character. The court, upon such showing, stated that it had considered the notes to have been in evidence and the parties were aware thereof. Without further notice to the parties, the court sustained the motion of the appellee to reopen the evidence for the sole purpose of admitting the four notes into evidence, and directed the reporter to show the notes admitted as a part of the record, and then the record be closed.

The appellants contend that it was an abuse of discretion for the trial court to reopen the case, and, without giving the appellants an opportunity to be heard, admit the notes into evidence after judgment and while the motion in arrest and for judgment notwithstanding the verdict was pending.

The motion to reopen the case was limited to the formal offering in evidence of the notes. The court sustained the motion, and reopened the case for this limited purpose. The motion of the appellee to reopen for the purpose of receiving the notes was in effect an offer to introduce the notes in evidence. The so-called motion of the appellants in resistance thereto presented no objections as to the admissibility of the notes, but argued that the notes were not in the record and should not be admitted after judgment had been entered and while their motion in arrest and for judgment notwithstanding the verdict was pending.

There was no element of surprise or prejudice to the appellants' interests in the proceedings or in the court's conduct. The execution of the notes was denied, but not under oath. Under the law of Illinois,

the allegations of execution are admitted unless denied by a pleading under oath. Illinois Statutes, 1941, c. 110, § 159(2). For aught that appears in the record, the notes were admissible when offered.

Whether a court upon motion of the appellee after judgment has been entered in his favor, shall reopen the case to admit some formal proof in support of the judgment, such as the introduction of the notes in the case at bar, rests in the sound discretion of the trial court. Since there was no objection to the admissibility of the notes on the proceedings to reopen, and there was no surprise or prejudice to the appellants' rights, the court's action in sustaining the motion to reopen the case and admitting the notes into evidence was not an abuse of its discretion. Von Saxe v. Barnett, 129 Wash. 340, 224 P. 929; Riverside Portland Cement Co. v. Masson, 69 Or. 502, 139 P. 723, Ann.Cas.1916A, 127; Leary v. Leary, 68 Wis. 662, 32 N.W. 623; Mondine v. Labaig, 44 Cal.App. 781, 186 P. 1047; Smith v. Kurtzenacker, 147 Minn. 398, 180 N.W. 243; Sprague v. Craig, 51 Ill. 288, 294; Turner v. Modern Woodmen, 186 Ill.App. 404, 413.

The court found specifically that the notes were given in consideration of the assignment to the appellants by the appellee of all of his interest in and to certain oil and gas leases known as the "Boultinghouse" leases, and that the appellee was not guilty of any fraud in the transaction. The Court further found that there was no agreement that the notes were to be payable only in the event oil was discovered on the leases, and only from the oil produced therefrom.

We have examined the evidence in the record, and there is no evidence that the appellee was guilty of any fraud whatsoever. The appellants wholly failed to support the allegations in the answer that the notes were obtained by fraud of the appellee. There was a conflict in the evidence as to whether the notes were to be paid only out of oil. The court had the witnesses before it, and resolved this conflict against the appellants. On this point and all the others decided by the court, there was substantial evidence to support the court's finding, and in that event it will not be disturbed by us. Fidler v. Roberts, 7 Cir., 41 F.2d 305; Lihme v. Reinecke, 7 Cir., 59 F.2d 633; Ott v. Long Beach Co., 7 Cir., 70 F.2d 1; Atlas Beverage Co. v. Minneapolis Brewing Co., 8 Cir., 113 F.2d

672; McVeigh v. McGurren, 7 Cir., 117 F.2d 672, 676.

We find no error in the record, and the judgment is affirmed.