CAPE MAY COUNTY CIRCUIT COURT.

OLIVE L. FREAS, PLAINTIFF, v. LEON W. SCOTT, DEFENDANT.

Decided September 20, 1944.

For the plaintiff, *Lewis T. Stevens.*

For the defendant, *T. Millet Hand.*

BURLING, C. C. J. Motion has been made to strike out the complaint, pursuant to *R. S.* 2:27–125; *N. J. S. A.* 2:27–125, and Supreme Court rules 40 and 80 to 85, inclusive; *N. J. S. A. tit.* 2, by the defendant.

The attack is two-fold, namely—one, that the complaint is frivolous or insufficient in law, and two, it is sham.

Upon submission of said motion, affidavits in support of the motion were presented by the defendant, but no affidavit in contravention thereof was presented by the plaintiff.

Upon the adjourned return day of the hearing upon said motion, oral argument was made by the defendant and written brief submitted by him. Further adjournment of the motion was made by formal order to August 25th, 1944, with leave to afford further opportunity to the plaintiff to file answering affidavit or affidavits and present oral argument and written brief in opposition to the motion. No affidavit was filed nor was an appearance made for the purpose of oral argument nor has written brief been presented by the plaintiff, and the court having been advised by the attorney for the plaintiff that it was not intended to file any papers in relation to the motion, pursuit is now made to the disposition of the matter accordingly.

The complaint alleges that on the 18th day of September, 1943, in the City of Cape May, New Jersey, the plaintiff delivered to the defendant the sum of $500 on account of the purchase price of $2,000 of certain lands and premises at the southwest corner of Madison and Corgie Streets, in the City of Cape May, New Jersey, and received his receipt therefor. Demand is made for the payment of the sum of $500 with interest, on circumstances alleged in the complaint as follows:

"1. On September 8th, 1943, at City of Cape May, on representation of the defendant, that he was the owner of certain land and premises at the southwesterly corner of Madison Avenue and Corgie Street, in said City of Cape May, delivered to defendant the sum of Five Hundred Dollars.

"3. The said land and premises at said time was the property of Merchants National Bank of Cape May, N. J., a banking corporation of the United States of America.

"4. Defendant at the time of receiving the Five Hundred Dollars from Plaintiff, was not even an equitable owner of the said lands and premises, and had not any agreement with the said Merchants National Bank to purchase the said lands and premises, and had not made any payment to said Merchants National Bank, and, therefore, could not legally enter into any agreement with the plaintiff, nor any other person, to sell them the said land and premises."

The undisputed facts appear to be:

On the 17th day of September, 1943, the plaintiff attended an auction sale on and affecting the premises in question which was conducted by John S. Townsend, auctioneer. Among those persons present were the plaintiff and the defendant. The plaintiff was an active bidder. The high bid of the defendant of $1,500 for the premises was accepted by the auctioneer and check of the defendant to the order of the auctioneer in the amount of $500 was given by him and accepted by the auctioneer on account of the purchase price. The following day the plaintiff sought the defendant and offered to purchase the premises for the sum of $2,000 which offer was accepted by the defendant, and a deposit in cash in the amount of $500 was made by the plaintiff to the defendant.

The defendant obtained title by deed from the principal of the auctioneer, the Merchants National Bank, of Cape May, New Jersey, dated October 22d, 1943, which was recorded in the office of the clerk of Cape May County in Book 650 of Deeds, page 6. No allegation in the complaint is made of the refusal or failure of the defendant to convey title in accordance with the agreement between the plaintiff and defendant, the sole right to recover being based on the aforesaid allegations in the complaint.

A contract of sale may be valid and enforced if made in good faith by the vendor, notwithstanding the subject-matter is realty to which the vendor at the time of entering the contract has no title, at least where he is so situated as to be able to convey at the proper time, or where the vendee is acquainted with the facts or has not been induced to purchase through concealment or misrepresentations. 66 *C. J.* 511. Capacity to make a valid contract of sale is not depend-

ent on the holding of absolute title to the lands and such a contract may be valid and enforced, if made in good faith, and without fraud or imposition practiced upon the vendee. *Roselle Park Building and Loan Association* v. *Friedlander* (*Supreme Court,* 1935), 116 *N. J. L.* 32 (at *p.* 35); 181 *Atl. Rep.* 316.

The falsity of material allegations of the complaint is apparent. To this extent the complaint is sham as the facts in the supporting affidavits of the defendant are not controverted by affidavit of the plaintiff, *Louis Kamm, Inc.,* v. *Flink* (*Court of Errors and Appeals,* 1934), 113 *N. J. L.* 582 (at *p.* 596); 175 *Atl. Rep.* 62. Despite the circumscribing limitations to strike as sham (*Louis Kamm, Inc.,* v. *Flink, ante*) the complaint must fall. Upon challenge of the facts and demonstration thereof to be without factual support by a defendant by competent proof (legal and sufficient) of any of material elements of plaintiff's cause of action, the obligation to support the cause of action to the extent of presenting facts to raise the issue or dispute upon such material elements of his legal theory of his cause of action rests with the plaintiff and he is obliged to do so by competent affidavit or affidavits, if such proof is available.

Further the complaint is deficient in that the rule as to pleading and proof in actions for deceit has been tersely stated to be that the plaintiff must allege with reasonable certainty and be prepared to prove: (1) that the defendant made some representation to the plaintiff meaning that he should act upon it; (2) that such representation was false and that the defendant, when he made it, knew it to be false; (3) and that the plaintiff, believing such representation to be true, acted upon it and was thereby injured. *Plimpton* v. *Friedberg* (*Court of Errors and Appeals,* 1933), 110 *N. J. L.* 427 (at *p.* 428); 166 *Atl. Rep.* 295.

The motion to strike out the answer is granted with resulting judgment for the defendant and costs. Appropriate rule may be presented.