BARNEY B. LISHNER *vs.* MICHAEL T. BLEICH.

Suffolk. February 5, 1946. — March 12, 1946.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Contract,* Sale of real estate, Rescission. *Deceit. Fraud. Evidence,* Competency, Relevancy and materiality.

There was no error in the exclusion of evidence pertaining to matters which, by a pre-trial order made in accordance with a stipulation of the parties, had been specifically expunged from certain specifications filed by the plaintiff as to the declaration.

The bare fact that in making a contract for the sale of real estate the seller stated to the purchaser that he was the owner of the real estate, whereas in fact title stood in his wife's name, did not show a material misrepresentation upon which the purchaser was justified in relying nor entitle him to rescind the contract and recover a deposit made by him with the seller.

CONTRACT OR TORT. Writ in the Superior Court dated March 16, 1944.

The action was tried before *Hammond*, J., who ordered a verdict for the defendant. The plaintiff alleged exceptions.

*J. B. Abrams*, (*M. Palais & P. D. Epstein* with him,) for the plaintiff.

*E. Field*, (*F. Freundlich* with him,) for the defendant.

DOLAN, J. This is an action to recover a deposit of $2,500 made by the plaintiff pursuant to a written agreement for the purchase of certain real estate by the plaintiff from the defendant. The amended declaration is in two counts. In the first count the plaintiff alleges that he was induced to enter into the agreement relying on the representation of the defendant that he was the owner of and had title to the real estate involved; that subsequently learning that this representation was false in that the defendant did not have title to said real estate, he (the plaintiff) immediately rescinded the agreement and demanded of the defendant that he return the deposit; and that the defendant refused to do so. The second count is for money had and received. In response to the defendant's motion, the plaintiff specified as to the second count the false representation made by the defendant as to ownership of the property and that this false representation caused the plaintiff "to doubt other representations made by the defendant to the plaintiff with respect to the property in question." At the pre-trial hearing (Rule 57A of the Superior Court [1932]) it was stipulated by the parties that there be expunged from the plaintiff's specifications the reference to alleged misrepresentations other than that of ownership of the real estate, that the pleadings were complete, and that there were to be no further amendments; and it was so ordered. The case was tried to a jury, and in the course of the trial evidence offered by the plaintiff tending to show misrepresentations of the defendant concerning the physical condition of the premises and the rentals of apartments therein was excluded by the judge, subject to the plaintiff's exceptions. At the close of the evidence the motion of the

defendant for a directed verdict in his favor was allowed by the judge, and the plaintiff excepted thereto.

The only issue presented by the pleadings, specifications and pre-trial order was whether the defendant's misrepresentation of ownership of the real estate involved warranted rescission of the agreement and recovery of the deposit by the plaintiff. The proffered evidence concerning misrepresentations as to the condition and rentals of the property was properly excluded. Specifications must be read with the declaration, and the proof must conform to the specifications. *Shea* v. *Crompton & Knowles Loom Works*, 305 Mass. 327, 329, and cases cited. We treat the statement in the bill of exceptions, to the effect that the specifications filed by the plaintiff included other misrepresentations than that of ownership, to have been set forth in the bill by error. We have already pointed out that alleged misrepresentations set out in the specifications other than that of ownership were specifically expunged in the pre-trial order, and that it was therein ordered that no further amendments were to be allowed to the pleadings.

The evidence adduced at the trial disclosed the following facts: The defendant represented to the plaintiff that he was the owner of the real estate. The record title, however, stood in the name of the defendant's wife. The plaintiff, who had dealt in real estate before, knew that it would be necessary, in order to pass title, for the defendant's wife to sign the deed. At the time of the execution of the agreement the plaintiff gave the defendant his lawyer's name, and on the following day brought the agreement to his lawyer and instructed him to examine the title. By the terms of the agreement the deed of conveyance was to be delivered on or before April 1, 1944, at the Suffolk Registry of Deeds. On March 15, 1944, the plaintiff notified the defendant in writing that he had learned that the defendant was not the owner of the property and that he elected to rescind the agreement, and demanded the return of the deposit. At the time (April 1, 1944) and place fixed for the passing of title, the defendant was present and ready, able and willing to convey good title to the real estate involved to the plaintiff,

but neither the plaintiff nor anyone representing him appeared. There was no evidence that would warrant the jury in finding other material facts than those set forth above.

In order to recover it was necessary for the plaintiff to show that the false representation of ownership of the real estate was material and that he relied upon it. *Hedden* v. *Griffin*, 136 Mass. 229, 231. *Stewart* v. *Joyce*, 201 Mass. 301, 310, and cases cited. *Butler* v. *Martin*, 247 Mass. 169, 173. *Willett* v. *Herrick*, 258 Mass. 585, 596–597. *Brockton Olympia Realty Co.* v. *Lee*, 266 Mass. 550, 558. Am. Law Inst. Restatement: Contracts, § 471, comment c. Williston, Contracts (Rev. ed.) § 1515. The evidence in the case at bar would not warrant such findings. "Agreements to sell by persons who are not owners but who reasonably expect to acquire or to control the title in time to perform the contract are common and legitimate business transactions." *Pybus* v. *Grasso*, 317 Mass. 716, 720, and cases cited. *Smith* v. *Greene*, 197 Mass. 16, 18. *Dresel* v. *Jordan*, 104 Mass. 407, 415–416. And as was said in the case last cited, at page 416, "it is sufficient for the seller, upon a contract made in good faith, if he is able to make the stipulated title at the time when, by the terms of his agreement or by the equities of the particular case, he is required to make the conveyance, in order to entitle himself to the consideration." This is the general rule. We do not intimate that in a given case it might not be shown by the evidence or by the terms of the agreement involved that a representation of ownership by the seller was a material one upon which the purchaser had a right to rely. In the present case there is nothing in the evidence or in the terms of the agreement that would have warranted the jury in finding that the misrepresentation of ownership by the defendant was a material one upon which the plaintiff was entitled to rely. It follows that it cannot be said rightly that the plaintiff sustained the burden resting upon him so to prove; and that the defendant's motion for a directed verdict was allowed properly.

*Exceptions overruled.*