### KARDON et al. v. NATIONAL GYPSUM CO. et al.

### Civ. A. No. 6203.

United States District Court
E. D. Pennsylvania.

Sept. 15, 1947.

For original opinion see 73 F.Supp. 798.

Henry Arronson and Simon Pearl, both of Philadelphia, Pa., for plaintiffs.

Edward H. Cushman, of Philadelphia, Pa., and Finck & Huber, of Buffalo, N. Y., for National Gypsum, Co.

Robert T. McCracken and Samuel Fessenden, both of Philadelphia, Pa., for Wm. and Leon A. Slavin.

Roger S. Foster, of Washington, D.C., for Securities & Exchange Commission amicus curiæ.

KIRKPATRICK, Chief Judge.

■ The plaintiffs have presented one, and the defendants two, requests for additional findings of fact. The defendants' requests are merely amplifications of certain findings of fact contained in the opinion and are in nowise in conflict with those findings. All three requests are affirmed.

The defendants' requests for an additional conclusion of law is denied.

The following additional conclusion of law is made:

■ The plaintiffs are not barred from recovery by the two agreements of April 6, 1946.

Comment: As pointed out in the opinion, the Act is violated when directors with inside information purchase stock without full disclosure. Such conduct constitutes engaging in an "act, practice, or course of business which * * * would operate as a fraud." The plaintiffs' case could be sustained had no representations of any kind as to pending negotiations been made at the meeting at which the sale was consummated. However, it has been found as a fact that such representations were made. Concededly, the subsequent agreement of April 6 cannot as matter of law, by virtue of the parol evidence rule, exculpate the defendants. It may properly be (and has been) considered as evidentiary upon the fact question whether the representations as to the absence of pending negotiations were relied upon by the Kardons in parting with their stock. It does not move me to change my view that the representations were relied upon, although the result would be the same if they had not been. The whole question was presented in substance, though in a different guise, when the question of waiver was pressed at the original argument.