266 P.2d 672

**CLARK et al. v. INGLE.**

No. 5706.

Supreme Court of New Mexico.

Feb. 4, 1954.

Rueckhaus & Watkins, Albuquerque, for appellant.

P. H. Dunleavy, Robert Emmet Clark, Albuquerque, for appellees.

LUJAN, Justice.

An action upon a written contract for the sale and purchase of real estate, brought by the plaintiffs against the defendants for specific performance, or, in the alternative, for damages. The trial court decreed a forfeiture of the deposit money, and the defendant Mrs. G. D. Ingle appeals.

The contract was executed on May 26, 1952, and under it, in consideration of the sum of $7,500 to be paid as therein stated the plaintiff, Betty Perry Clark, agreed to sell and convey to the defendant "by warranty deed and abstract, or policy of title insurance clear of all liens and encumbrances", certain real estate located in Bernalillo and Sandoval counties. It provided "in event this offer to purchase is not accepted by the seller within five days, deposit to be returned to purchaser, and in event seller accepts this offer and purchaser refuses to consummate the purchase, seller shall have option of retaining deposit as liquidated damages and terminating the contract or of enforcing the same."

The facts necessary to a decision are substantially as follows: During the month of September, 1951, the plaintiff, Betty Perry Clark, purchased the land in question from Martin H. Jenkins and Violet N. Jenkins, his wife, with money given her by her father. A warranty deed was executed by them, which recites: "To B. F. Perry and Betty Perry Clark, his daughter, and the

survivor of them, * * * ". Betty Perry Clark stated that she had the deed drawn in this manner because if anything happened to her she wanted her father to get the property.

The record further discloses that plaintiff, Betty Perry Clark, listed the property for sale with several real estate agents, including J. W. Priestley, one of the defendants. That on the forenoon of May 26, 1952, Mr. Priestley informed plaintiff, Betty Perry Clark, that he had a prospective buyer for the property and would like to talk to her about the deal. She informed him that she would like to think the matter over and for him to come over to her house later in the day. Late that afternoon Priestley brought the binder contract to above plaintiff's home for her to sign. It had been prepared with the exception of the legal description and signed by the defendant. At the time the defendant signed the contract she did not know that the title to the property was in the name of both plaintiffs, nor did she know that there was a suit to quiet title pending in the district court. The following day Mr. Priestley called the plaintiff, Betty Perry Clark, and informed her that the defendant would not go through with the deal because she had been informed that the property was being offered for $1,000 less than she had offered for it. The defendant testified:

"Q. Isn't it a fact, Mrs. Ingle, that you advised Mr. Priestley to terminate the contract because someone had told you that you might have gotten the land cheaper? A. No, I terminated the contract because there had to be a quiet title suit and because somebody else's signature wasn't on this binder; somebody else owned part of the ground."

■■■ Upon this set of facts, what are the rights of the respective parties? The defendant contends that since the plaintiff, Betty Perry Clark, was not the sole owner of the land in question on the date the contract was entered into she had an absolute right to repudiate the same. In that she is in error.

The reason first assigned was that defendant had heard the land could be purchased for less money. This reason would certainly not warrant rescinding or repudiating the contract. The second reason assigned amounts to a prospective failure of title, in that she urges the failure of the plaintiff B. F. Perry to join in the contract of sale. In the contract Betty Perry Clark did not purport to act for her father but acted for herself and contracted to sell the entire land. It is most significant here that in the contract nothing is said about B. F. Perry. This is simply a case of a vendor contracting to sell real estate to which she has not an absolutely clear title at the time the contract was entered into. The general rule in such cases is that failure of title is

not justification for rescission or repudiation of a contract where the seller can perform at the time set for performance, and the burden is upon the buyer to show otherwise. In 55 Am.Jur., Vendor and Purchaser, Section 270, is this statement:

"§ 270. Generally.—The general rule is that although the title of one who enters into an executory contract for the conveyance of land may be defective at the time he enters into such contract, if the vendor is able to convey a good title when the time for the conveyance of the land arrives, this is sufficient. Accordingly, if the vendor is able to make a good title at the time stipulated for conveyance, he may ordinarily maintain an action at law for damages for a breach by the purchaser, although such good title was acquired by the vendor after the making of the agreement to convey. The same rule applies where the vendor seeks to compel specific performance on the part of the vendee; if able to make good title at the time stipulated, the vendor may compel the purchaser to perform his part of the agreement even though the former did not own the land at the time he entered into the contract."

And in Vol. 6, Corbin on Contracts, Section 1259, Prospective Failure of Consideration, at page 24, it is said:

"In a contract for the sale of land conveyance to be at a future date, the existence of a mortgage or other defect in title does not prove prospective inability to convey the agreed title, if the mortgage or other defect is one which the vendor has power to remove by the agreed date. If the clearing of the defect depends upon the will of some third person, one who has not expressed a willingness to cooperate in clearing it, a purchaser who was not aware of the existence of the defect when the contract was made is discharged from duty to buy; and his right of action is not conditional on tender of his own performance. A purchaser is not discharged by the fact that record title to the land stands in the name of the vendor's wife, she being ready and willing to convey."

In support of the last sentence of the above-quoted paragraph see Lishner v. Bleich, 319 Mass. 350, 65 N.E.2d 693.

As applicable to the facts before us, it may be said to be axiomatic that so long as the vendor is not in default, the purchaser is not entitled to rescind, 27 R.C.L. p. 642. The mere fact that the plaintiff, Betty Perry Clark, was not the sole owner of the land at the time the contract was entered into, is not ground for rescission. The courts of this country hold quite uniformly that a person may in good faith lawfully contract to sell land to which he does not have perfect title, or any title, and the fact that his title is imperfect does not authorize the pur-

chaser to rescind the contract. If, at the time he is required to make conveyance, the vendor is ready, able and willing to convey the title which he contracted to convey, he cannot be said to be in default. Smith v. Kurtzenacker, 147 Minn. 398, 180 N.W. 243; Martinson v. Regan, 18 N.D. 467, 123 N.W. 285; Knapp v. Davidson, 179 Wis. 493, 192 N.W. 75; Hogsed v. Gillett, 60 Mont. 467, 199 P. 907, Lishner v. Bleich, supra, Gillmore v. Green, 39 Wash.2d 431, 235 P.2d 998; Freas v. Scott, 22 N.J.Misc. 390, 39 A. 2d 179; Vol. 3 Williston on Contracts, Rev. Ed., Section 881; 8 Thompson on Real Property, Section 4550, page 462.

The application of the rule in this jurisdiction is pronounced in Adams v. Cox, 52 N.M. 56, 191 P.2d 352, 353, wherein we said:

> "Where respective obligations of parties to contract are concurrent, all that is necessary for plaintiff's case is to prove that plaintiff would have been able to carry through transaction concurrently with defendant, and mere fact that plaintiff needs assistance of a third person to enable him to make such concurrent performance is not proof of inability to perform so as to defeat right of recovery." See, also, Brown v. Mitchell, 45 N.M. 71, 109 P.2d 788.

In the instant case the plaintiff, Betty Perry Clark, stood willing, able and ready to convey the land as per contract, and the court so found.

The other questions raised by the defendant are without merit. Finding no reversible error, the judgment will be affirmed.

It is so ordered.

McGHEE, C. J., and SADLER, COMPTON, and SEYMOUR, JJ., concur.