Paul T. CRIST and Stella H. Crist, Virgil J. Rice and Irene M. Rice, and Daniel Foreman as Trustee of the Daniel Foreman Trust Fund, Appellants,

v.

UNITED UNDERWRITERS, LTD., a Colorado corporation, et al., Appellees.

No. 7851.

United States Court of Appeals Tenth Circuit.

April 5, 1965.

See also D.C., 236 F.Supp. 801.

Raymond J. Turner, Denver, Colo. (Dawson, Nagel, Sherman & Howard, Garth C. Grissom, and John H. Bennett, Denver, Colo., on the brief), for appellants.

Ernest W. Lohf, Denver, Colo. (Darol C. Biddle, of Lohf, Moran, Murphy & Barnhill, Denver, Colo., on the brief), for appellee, United Underwriters, Ltd.

Before LEWIS and SETH, Circuit Judges, and DAUGHERTY, District Judge.

SETH, Circuit Judge.

The appellants by their complaint seek to recover the purchase price of securities sold to them by the appellees, or some of them. The complaint contains several causes of action, including one in which plaintiffs allege that the "action arises under Section 10(b) of the Securities Exchange Act of 1934, * * and the rules and regulations thereunder. * * *" The complaint also alleges that jurisdiction is based upon § 27 of the Securities Exchange Act of 1934 (15 U. S.C.A. § 78aa). There is no allegation of diversity.

Following the filing of the complaint, appellants sued out a writ of attachment against the appellee, United Underwriters, Ltd., and a writ of garnishment against Pikes Peak National Life Insurance Company as garnishee, asserting the company to be indebted to the defendants. The writs were secured pursuant to Rule 64 of the Federal Rules of Civil Procedure and to Rule 102(a) of the Colorado Rules of Civil Procedure. This Colorado rule provides in part that "the plaintiff, at the time of issuing the summons or filing the complaint in an action on contract, express or implied, * * * or at any time afterward before judgment, may have the property of the defendant, * * * attached as security for any judgment that may be recovered in such action, * * *."

Appellees thereupon filed a motion to discharge the writs, asserting that the causes of action are not in contract but in tort, and Colorado Rule 102(a) applies only to actions on express or implied contracts.

The court granted the motions, holding that the cause of action under § 10(b) of the Securities Exchange Act (15 U.S. C.A. § 78j(b)) was in tort, not in contract; and consequently, the Colorado rule relating to attachment did not apply. The plaintiffs below thereupon took this appeal.

Appellants here urge that there was a contractual relationship between them and the appellees in the sale of the securities. They also say that the false statements by appellees induced the appellants to purchase, and these statements were in violation of § 10(b) of the Securities Exchange Act. The appellants seek by their complaint to rescind the sale and to recover the purchase price. They urge that a contractual remedy is sought, and the action is one in contract as contemplated by Rule 102(a) of the Colorado Rules of Civil Procedure; hence the attachment and garnishment were proper, and the trial court was in error in discharging the writs.

As mentioned above, appellants in their complaint state that one of the causes of action arises under § 10(b) of the Securities Exchange Act of 1934 (15 U.S.C.A. § 78j(b)) and rules of the Commission (17 C.F.R. § 240.10b–5). Thus this principal cause of action is one derived from a prohibition contained in the act, and not from state law. The section with which we are here concerned does not provide an express cause of action to appellants. Instead the cause is implied from the prohibition in the section which commences with the words, "it shall be unlawful for any person * * *." The enforcement of the act is within the jurisdiction of the federal courts including causes such as this which arise by implication or are derived from its prohibitions. Section 27 gives the federal district courts jurisdiction over "violations." Consequently appellants' principal cause of action should be examined and considered under the applicable federal laws and cases, rather than under state law, to determine its character. When this has been done, it can then be decided whether or not it is of such nature as to come within the provisions of the Colorado Rules of Civil Procedure relating to the writs. The cause of action based on the Kansas Blue Sky Law will be considered hereinafter.

The court in Kardon v. National Gypsum Co., 69 F.Supp. 512, 73 F.Supp. 798, 83 F.Supp. 613 (E.D.Pa.1946), appears to have been the first one to write on the subject of causes derived from § 10(b) of the Securities Exchange Act, and the

opinion contains a careful analysis of the origin of such cause of action. Subsequent cases, including Slavin v. Germantown Fire Ins. Co., 174 F.2d 799 (3d Cir.), McClure v. Borne Chemical Co., 292 F.2d 824 (3d Cir.), Fischman v. Raytheon Mfg. Co., 188 F.2d 783 (2d Cir.), Fratt v. Robinson, 203 F.2d 627, 37 A.L.R.2d 636 (9th Cir.), and Miller v. Bargain City, U.S.A., Inc., 229 F.Supp. 33 (E.D.Pa.1964), also considered the nature and origin of such actions.

■ The court in Kardon v. National Gypsum Co., supra, held that a disregard of the provisions of § 10(b) of the Securities Exchange Act was wrongful and a tort. The fact that other sections contained express causes of action, while this one did not, was not of great significance, and did not preclude the implication of a cause from § 10(b) by the court in the cited case. Further there is nothing in the act to indicate that a cause of action should not arise from such violation. Hence the court found there was a cause of action as is here asserted by appellants. Similar holdings appear in McClure v. Borne Chemical Co., supra, and Miller v. Bargain City, U.S.A., Inc., supra. See 59 Yale L.J. 1120 and Annot., 37 A.L.R.2d 649. Appellants must depend on these authorities for the existence of the cause of action.

The Restatement of Torts provides that a violation of a statute such as is alleged here shall constitute an invasion of the rights of another if this person is within the class sought to be protected, the interest or rights are protected by the particular statute and the violation of the act is the "legal cause" of the invasion of the rights. (A.L.I.Restatement, Torts § 286). As stated in Miller v. Bargain City, U.S.A., Inc., supra, the cause of action " * * * derives from common law tort principles which impose liability for the violation of a statute designed to prevent a particular type of harm." The allegations by appellants in their complaint bring them within the holdings of the above cited cases and within the Restatement definitions.

It is the origin and basic nature of the cause of action which must be examined to determine whether it is a tort or in contract. The appellants would instead have the emphasis placed on the remedy sought in their complaint. The origin of this cause of action shows that it is in tort. According to the complaint there was a sale of securities and a contractual relationship may have arisen from it, but the cause of action is instead based on the alleged violation of the act. The complaint so asserts. The cause of action is thus in tort, and it may be of such nature although not wholly disassociated from a contract between the parties. The appellants' remedy exists without the benefit of fictions creating an implied consensual arrangement.

■ The Colorado rule providing for writs in actions on contract, express or implied, cannot be applied to a tort action unless there is a clear indication that it includes such actions. Investors Royalty Co. v. Market Trend Survey, 206 F.2d 108, 39 A.L.R.2d 1260 (10th Cir.). We find no such indication. The case relied upon by appellants, Reyer v. Blaisdell, 26 Colo.App. 387, 143 P. 385, does not so hold. The trial court's opinion treats this point at length, and no purpose would be served by discussing it further. Hence the cause of action based on § 10(b) of the Securities Exchange Act is not such a cause in contract to permit attachment to issue under the Colorado Rules of Civil Procedure.

The trial court filed an opinion, with which we agree, reported at 230 F.Supp. 136. It treats the issues in careful detail, as does its opinion in the companion case of Trussell v. United Underwriters, D.C., at 228 F.Supp. 757.

■ The complaint also alleges a cause of action based on the Kansas "Blue Sky Law" (§§ 17–1253, 17–1254, 17–1255, 17–1258, 1959 Supp., Kan.Gen. Stats.1949). This act expressly provides a cause of action to a purchaser of securities under stated circumstances. From the record it appears that a motion is pending to dismiss this cause of action,

but on this appeal the cause is still in the case. The appellants have taken the appeal and presented the case entirely on the federal cause of action and no other. If there was any basis to support the writs on the cause of action based on the Kansas statutes, it has been waived by the parties and need not be here considered. The appellants have also demonstrated no reason why the trial court's decision as to the writ of garnishment should not be affirmed.

By reason of our disposition of the case, it is also not necessary to discuss the issues relating to the constitutionality of the Colorado Rules of Civil Procedure as they relate to attachment.

The case is affirmed.