**FRANTZ MANUFACTURING COM-
PANY, Plaintiff,**

v.

**PHENIX MANUFACTURING CO., Inc.,
Defendant.**

No. 67–C–335.

United States District Court,
E. D. Wisconsin.

June 11, 1970.

Prangley, Clayton, Mullin, Dithmar &
Vogel by Mark H. Clayton, Chicago, Ill.,
for plaintiff. Wheeler, Wheeler, House &
Clemency, by Joseph P. House, Milwau-
kee, Wis., of counsel.

Paul R. Puerner, Michael, Best &
Friedrich, Milwaukee, Wis., for defend-
ant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

Subsequent to a trial to the court and
an opinion by the court dated January
20, 1970, 307 F.2d 822, the plaintiff
filed a motion which sought (1) to add
an exhibit and (2) to amend the opinion
in several respects.

The exhibit, which was not offered at
the trial and which the plaintiff now
wishes to enter into evidence, is a copy
of United States Letters Patent No. 3,-
104,699 ('699). The plaintiff's complaint
alleged that the defendants were in-
fringing the '699 patent in addition to
patent numbered 3,169,612 ('612).
However, by stipulation dated May 2,
1969 the parties agreed that the defend-
ant was not infringing the '699 patent,
and accordingly the claims dealing with
this patent in the complaint were dis-
missed.

Thus, no evidence as to the '699 pat-
ent was introduced. Now, however, sub-
sequent to the filing of the court's opin-
ion, the plaintiff proposes to introduce
the '699 patent into evidence in order to
bring the '612 patent under 35 U.S.C. §
120; this would circumvent the one-year
prior use rule of 35 U.S.C. § 102(b) by
entitling the '612 patent to the benefit
of the earlier filing date of the '699 pat-
ent.

Rule 52(b), Federal Rules of
Civil Procedure, allows the court to
amend findings or make new findings
within 10 days after judgment. Since

only an opinion has been filed, and no judgment (the judgment awaiting proposals to be submitted by the parties), Rule 52(b) does not bar the proposed offer. Although it appears that the addition of new evidence should more properly be made under the protective covering of a motion for a new trial under Rule 59(a), nevertheless the court concludes that the better course is to grant the motion to add patent numbered 3,104,699 as plaintiff's exhibit 25. In Kardon v. National Gypsum, Co., 83 F. Supp. 613, 614 (E.D.Pa.1947), the court said, when it agreed to reopen:

"The defendants' requests are merely amplifications of certain findings of fact contained in the opinion and are in nowise in conflict with those findings."

In Hernberg v. Tipton, 133 F.2d 67, 69 (7th Cir. 1943), the court held that reopening after judgment to admit formal proof in support of the judgment was in the sound discretion of the trial court; consequently, reopening after an opinion but before judgment should surely rest in this court's discretion. Because my earlier opinion did not cover the issue of the earlier filing date, I now find that the better exercise of discretion requires that the '699 patent be entered into evidence so that I may amplify my findings and clarify the filing date issue.

The plaintiff, in urging that 35 U.S.C. § 120 applies, presents a question which was not previously resolved by the court in this case. Title 35 U.S.C. § 120 states:

"An application for patent for an invention disclosed in the manner provided by the first paragraph of section 112 of this title in an application previously filed in the United States by the same inventor shall have the same effect, as to such invention, as though filed on the date of the prior application, if filed before the patenting or abandonment of or termination of proceedings on the first application or on an application similarly entitled to the benefit of the filing date of the first application and if it contains or is amended to contain a specific reference to the earlier application."

In Bendix Corporation v. Balax, Inc., 421 F.2d 809, 817 (7th Cir. 1970), the court indicated that the following requirements are set forth in § 120:

"To come within the purview of Section 120, the later application must 1) disclose an invention disclosed in the manner provided in 35 U.S.C.A. § 112 in an earlier application; 2) be by the same inventor; 3) be filed before the patenting of the earlier application; and 4) contain a specific reference to the earlier application."

█ As in the above case, I find that all conditions are met except the disclosure-in-an-earlier-application requirement. There is an important difference between the '699 claims and the '612 claims: the '612 patent claims a "gripping member * * * pressed into and embedded in said panel flange;" the '699 patent contains no equivalent claim. I read 35 U.S.C. § 120 and its interpretation in *Bendix* to require a closer identity of disclosure than is exhibited by the two patents before me. Because of the lack of identity of disclosure, the earlier filing date may not be used.

As required by 35 U.S.C. § 120 the court must look to 35 U.S.C. § 112 to determine if the earlier application complies with that section. Section 112 requires a written description "in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains * * * to make and use the same." The '699 claims would not advise such a mythical person that that embedment, as claimed in '612 was required. I find this to be a significant factor; considerable evidence at the trial dealt with this matter.

In pointing out the difference in the patent claims which results from the addition of the embedment claim, the court does not, however, infer that the embedment feature raises the '612 patent to

the level of invention over the June 19, 1959 sale door. This distinction may be narrow, but, in my opinion it is one which must be made. The patent laws, often specific themselves, are susceptible to such close interpretations. In finding that the '612 patent disclosed nothing patentable over and above the June 19, 1959 sale door, this court, in effect, found that the '612 patent and the 1959 sale door were identical for purposes of the patent laws.

Another quotation from *Bendix*, p. 818, is relevant:

"Here plaintiff does not seek merely the right to clarify overly broad or ambiguous claims. Rather, it seeks to use the concept of 'inherent disclosure' in a manner which will result in extending its monopoly beyond the limits of the originally claimed invention."

The facts in the case at bar are somewhat comparable to those in Hutchens v. Faas, 249 F.2d 465, 467 (9th Cir. 1957), where the court stated:

"Plaintiff at first took the position that the devices of defendant infringed his patent '919 [the first patent], and brought suit therefor. As has been noted above, an amended complaint was filed, alleging infringement of '398 [the second patent], and by stipulation the claim of infringement of the first patent was thus withdrawn from suit. By this action, plaintiff himself drew the parallel between his two patents.

"Thus the claims of '398 must be given a very narrow construction. Patent '919 of plaintiff was granted November 25, 1950. There was evidence that machines embodying all the distinctive features thereof had been publicly used and had been sold to the public by plaintiff more than two years before October 4, 1955, the date assigned to patent '398. Here it must be noted that plaintiff cannot relate '398 back in order to gain the advantage of the invention date of '919.

Therefore, '398 must stand on its own foundation."

In *Hutchens* the court apparently did not even need to examine the language of the claims, but it found from all the events and circumstances, which are generally similar to those in the case at bar, that the earlier date could not be used.

Because of the above conclusion, the plaintiff's second motion must be denied.

Therefore, it is hereby ordered that the case be and hereby is reopened to admit a copy of patent numbered 3,104,699 into evidence as plaintiff's exhibit 25, and such exhibit be and hereby is admitted into evidence.

It is further ordered that the plaintiff's second motion, which requests specific amendments to the court's earlier opinion, be and hereby is denied.